## PETER MCCLELLAND v. HUGH MCCLELLAND ET AL.

### Decided April 3, 1907.

**Estates of Decedents—Will—Trust—Jurisdiction.**

A testator, dying in 1886, made by his will certain bequests to his widow, and entrusted the rest of his estate to an executor to be managed for twenty-five years, with provision for a home and monthly allowance to his son, who was to receive the estate at the end of that period. All debts were settled by a temporary administrator during the pendency of litigation over the probate of the will. The executor received the estate in 1895, and continued to execute the trust until his death, in 1905. The widow, meantime, elected not to take under the will, and received the share given her by law. Held, that the executor, at his death, was managing the estate, not as executor, but as a trustee, holding the legal title under the will; that the County Court had no jurisdiction to take control, on his death, by appointment of an administrator with the will annexed; and that the District Court alone had power to appoint a new trustee to carry out the trust.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Baker & Thomas,* for appellant.—The County Court under the

Constitution and laws of Texas and the construction thereof, by our Appellate Courts, under the pleadings of appellees and the agreed facts of this case, was vested with original and exculsive jurisdiction over the estate of Peter McClelland, deceased, upon the death of William L. Prather, independent executor. Constitution, art. 5 sec. 15; Rev. Stats., arts. 1912, 1924, 2009, 2012-2014, 1913, 1997, 1973, 2020; In re Estate Grant, 93 Texas, 68; Roy v. Whitaker, 92 Texas, 346; Franks v. Chapman, 61 Texas, 576; Frisby v. Withers, 61 Texas, 134; Blanton v. Mayes, 58 Texas, 422; Tippett v. Mize, 30 Texas, 362; Langley v. Harris, 23 Texas, 565; Ansley v. Baker 14 Texas, 611; Hogan v. Kavanaugh, 34 N. E. Rep., 293; Williams v. Miles, 87 N. W. Rep., 315; Cyc., vol. 16, pp. 91 to 99. The District Court has supervisory jurisdiction only. Constitution, art. 5, sec. 8; Heath v. Layne, 62 Texas, 690; Franks v. Chapman, 61 Texas, 576; Buchanan v. Bilger, 64 Texas, 589; Franks v. Chapman, 60 Texas, 46; Fisher v. Wood, 65 Texas, 199; Rogers v. Kennard, 54 Texas, 31; Harbison v. Harbison, 56 S. W. Rep., 1007.

It appearing at the time of the appointment of a trustee by the District Court, that the County Court had appointed an administrator with the will annexed of the estate of Peter McClelland, deceased, who had qualified as such administrator, and who was acting as such, and it appearing that the County Court was vested with ample powers under the Constitution and laws of Texas to afford full, adequate and complete justice and all of the relief required, a court of chancery should decline to take jurisdiction or assume to appoint a successor to the deceased executor. Same authorities, and also: Ansley v. Baker, 14 Texas, 611; Borrowe v. Corbin, 52 N. Y. Supp., 741; Hard v. Ashley, 23 N. E. Rep., 177; Aldrich v. Annin, 19 N. W. Rep., 964; Terry v. Allen, 23 Atl. Rep., 151; Cyc. Vol. 16, pp. 91 to 99, inclusive.

A court of equity has no jurisdiction over the estates of deceased persons under the laws of Texas, because ample provisions have been made for their administration by our County Courts. Same authorities, and also: Atchison v. Smith, 25 Texas, 232; Cannon v. McDaniel, 46 Texas, 312; Rogers v. Kennard, 54 Texas, 43; Ewing v. City of St. Louis, 5 Wall., 418; Hogan v. Kavanaugh, 34 N. E. Rep., 293; Williams v. Miles, 87 N. W. Rep. 452; 1 Pom. Eq. Jur., 349, (3rd ed.).

Nothing in the record showing that the County Court in making the appointment of an administrator *de bonis non* . . . acted upon insufficient evidence or facts that would vitiate the order, the presumption in favor of that order becomes conclusive of its validity. Strickland v. Sandmeyer, 21 Texas Civ. App., 354; Corley v. Goll, 8 Texas Civ. App., 184; Green v. Rugely, 23 Texas, 543; Webster v. Willis, 56 Texas, 474.

There is no presumption of the close of an administration; the record must show this. Rev. Stat., art. 1829; Blackwell v. Blackwell, 86 Texas, 210; Branch v. Hanrick, 70 Texas 734; Main v. Brown, 72 Texas, 505; Barelli v. Wagner, 5 Texas Civ. App., 445.

*Richard I. Monroe* and *J. R. Downs,* for appellees.—The will of Peter McClelland, deceased, created an active express trust, known as a spendthrift trust, which attaches to the property and not to

the person of the trustee. A court of equity will appoint a trustee to execute the trust which survives the death of the sole trustee, leaving his trust unexecuted. Rev. Stats., arts, 332, 333, 2800. First—This is in no sense a collateral attack, but a trial *de novo;* Linch v. Broad, 70 Texas, 92; Wipff v. Heder, 6 Texas Civ. App., 685; Turner v. Wallace, 99 Texas, 543; Franks v. Chapman, 60 Texas, 46; Henry v. Drought, 10 Texas Civ. App., 381. Second—That the will created an active and express trust: McClelland v. McClelland, 37 S. W. 350; Prather v. McClelland, 26 S. W. Rep., 657; Wood v. McClelland, 53 S. W. Rep., 381; Patten v. Herring, 9 Texas Civ. App., 690; Dulin v. Moore, 96 Texas, 135; 26 Am. and Eng. Ency. of Law, 2nd ed., 137, et seq. Which a court of equity will not allow to fail for want of a trustee; Roy v. Whitaker, 92 Texas, 346; Willis v. Alvey & Davidson, 30 Texas Civ. App, 96; Gamble v. Dabney, 20 Texas, 69; Buchanan v. Hart, 31 Texas, 647. In Texas an administrator *de bonis non cum testamento annexo* cannot execute a trust. In re Grant, 93 Texas, 68. In case there is an active trust created by a will and imposed on the executor which cannot be executed by an administrator, *de bonis non,* on the death of the trustee, a court of equity will appoint one to succeed. Texas cases supra; Speer v. Colbert, 200 U. S., 130; Inglis v. Trustees, 3 Peters, 99; Ingle v. Jones, 9 Wall., 498; Lahey v. Kortright, 132 N. Y. 450; Royce v. Adams, 25 N. E., 386; Cooke v. Platt, 98 N. Y., 35; Leman v. Sherman, 117 Ill., 657; French v. Northern Trust Co., 64 N. E. Rep., 105; Compton v. McMahan, 19 Mo. App., 494; Webb v. Hayden, 65 S. W. Rep., 760; Ross v. Barclay, 55 Am. Dec., 616; Enlow's Adm'r. v. Trustee, 67 S. W. Rep., 989; Harwood v. Tracy, 24 S. W. Rep., 214; Loverman v. Taylor, 2 S. W. Rep., 29; Ex parte Dickson, 64 Ala., 188; Fatjo v. Swasey, 44 Pac. Rep., 225; Kennard v. Bernard, 56 Atl. Rep., 793; Ebert's Appeal, 9 Watts, 300; Lockwood v. Stradley, 12 Am. Dec., 97; Dunning v. Ocean Natl. Bank, 19 Am. Rep., 293; Perry on trusts, 3rd ed., sec. 500 note, p. 23; 28 Am. and Eng. Enc., Law, 2nd ed., 957, 959. Pomeroy's Equity, 3rd ed., p. 2297.

The devolution of the legal title is material, because it is an ear-mark by which lawyers most readily distinguish a true trust which survives the death of a trustee from powers in trust which die with the donee. Dulin v. Moore, 96 Texas, 135; Perry on Trusts, 3rd ed., sec. 500; 26 Am. and Eng. Enc. Law, 143.

Peter McClelland was not the "principal devisee." He was no devisee at all. He takes no title whatever, but has only a usufructuary interest. He was not a proper person to appoint, because he was the spendthrift for the use of whom the trust was created. McIntyre v. Chappell, 4 Texas, 192; Rev. Stats., art. 1991; Woodbridge v. Bockes, 63 N. E. Rep., 362; Woodward v. James, 22 N. E. Rep., 150; Ligon v. Foster, 63 Miss., 241; Rogers v. Rogers, 111 N. Y., 228; Losey v. Stanley, 42 N. E. Rep., 8; Loveman v. Taylor, 85 Tenn., 1.

FISHER, CHIEF JUSTICE.—The conclusions of fact and law of the trial court, which are as follows, state the nature and result of the suit:

"This suit was begun by plaintiffs filing and presenting to me

on February 3, 1906, their original petition in cause No. 14276 for certiorari, praying for the review and revision of all the proceedings had in cause No. 2970, Estate of Peter McClelland, dec'd, had in the County Court of McLennan County, wherein said court had appointed Peter McClelland, Jr., administrator with the will annexed. On the same day, pursuant to order, the writ of certiorari, as prayed for, was issued and served. On February 8, plaintiffs filed and presented to me their original petition in cause No. 14280, being substantially an original bill in equity, complaining of the same matters charged in the petition for certiorari and praying for equitable relief. Both petitions attack the jurisdiction of the County Court over the property involved, and allege the nullity of said proceedings, and pray for the appointment of a receiver. On said 8th day of February, I endorsed on said last named petition an order to the clerk to issue notice to defendant that I would hear the application for a receiver on February 22, 1906, on application of plaintiffs, I fixed bond and caused an order for supersedeas to be issued, which writ, pursuant thereto was issued and served on March 6, 1906. The hearing on the application for receiver was continued from time to time, upon request of all parties, until the 16th day of March, 1906. On said day said matter was taken up in open court, all parties appearing and announced ready. By agreement of parties, said two causes were consolidated. The whole of March 16th was consumed in the hearing, and the matter adjourned to the 17th. On the opening of the matter on the 17th, Robert F. Gribble appeared and filed herein a pleading styled 'the original answer of Robert F. Gribble,' wherein he sets up his appointment by the County Court as temporary administrator of the estate of Peter McClelland, dec'd, and adopts the pleadings of Peter McClelland, Jr., herein. It appearing that said appointment had been made during the hearing of this matter on the 16th, it was agreed by all parties that said order appointing Robert F. Gribble, should be considered as superseded and removed to this court for revision and review along with all other proceedings of the County Court in the matter of the estate of Peter McClelland. Thereafter on said 17th of March, I appointed J. K. Rose receiver of the property in controversy. The defendant then and there excepted to this action of the court, gave notice of appeal, and superseded said appointment by giving the bond fixed by me for that purpose. Thereafter, by agreement of all parties, Chas. E. Moore was appointed by the court to take charge of the property in controversy pending the appeal from the order appointing a receiver, and said Moore continued to hold possession thereof to the trial of the cause. The trial was had upon an agreed statement of the facts and only the questions of law were submitted for my determinations. The facts, epitomized as best I can from the agreed statement, are as follows:

"1st.—Peter McClelland died on the 24th day of September, 1886, in McLennan County, Texas, leaving no debts and leaving a will and codicil thereto as follows: 'In the name of God, Amen.—

" 'I Peter McClelland, Senior, of the County of McLennan and State of Texas, knowing the uncertainty of life and the certainty of death,

and being of sound and disposing memory, do make this my last will and testament:

"'Item 1st.—I commit my soul to the God who gave it, trusting in his mercy, and my body to the earth from whence it came.

"'Item 2nd.—Should I owe any just debts at my death, I desire that my executors shall pay the same out of any money on hand, and if there should be no money on hand, then out of the income of my estate, as soon as the same can be done.

"'Item 3rd.—I give and bequeath to my beloved wife, Joanna M. McClelland, should she survive me, the homestead we now occupy in the western suburbs of the city of Waco, the same that I purchased of Wm. Stone, to be held, used and enjoyed by her during her natural life. I also give and bequeath to my said wife all the household and kitchen furniture, plate, table ware, pictures, ornaments and other personal property used in and about said homestead, and also the carriage, horses and milk cows that I may die possessed of: I also give and bequeath to my said wife the sum of one hundred and fifty dollars per month, or so much thereof as she may see fit to use during her natural life, should she survive me, to be paid to her in monthly installments for her support and maintenance by my executors hereinafter named, in cash from the date of my death, which shall be a charge upon my estate.

"'Item 4th.—I give and bequeath to my beloved son Peter McClelland, Junior, should he survive me, all the residue of my estate, real, personal and mixed, to be received, however, and enjoyed by him only, in future, upon the terms, conditions, encumbrances, trusts and stipulations herein provided for, which said estate shall be held by my executors, controlled and managed as herein provided in trust for my said son Peter for twenty-five years from and after my death, before the same shall be turned over to my said son, except such provisions and legacies as are herein made for the support and maintenance of my said son during the said period of twenty-five years, should he live so long.

"'Item 5th.—I also give and bequeath to said son Peter one hundred dollars per month, to be paid to him from and after the date of my death, in cash, for his maintenance and support in monthly installments, so long as he shall remain single, or until he shall come into possession of my estate as herein provided, but should my said son marry before or after my death this special legacy shall be increased to one hundred and fifty dollars per month from and after the date of such marriage, to be paid to him in cash in monthly installments for his maintenance and support after my death by my executors as herein provided, which shall be a charge upon my estate until he come into possession of the same as herein provided, or dies; and in case of such marriage my executors shall provide, by purchase or otherwise, for my said son Peter out of my estate a suitable house for him to live in, including lots, grounds and buildings, without charge to him, not to exceed in value the sum of five thousand dollars, if purchased by my said executors for his use and enjoyment; but upon the death of my wife Joanna, my said son Peter, first having so married, may at his option, move into, live at and enjoy the homestead bequeathed to her during her life, free of charge, in lieu of any other provision for a home,

until he shall come into the possession of my estate according to the provisions of this will.

"'Item 6th.—I hereby appoint John E. Gilbert, Charles F. Gilbert and Amos W. Gilbert, citizens of the county of McLennan and State of Texas, my executors, to carry out the terms and execute the trust provided for in this will, and as I repose full confidence in their honesty, fidelity and ability, I desire that no bond shall be required of them. Should any of my executors leave the State of Texas and remain for more than two years at one time, he shall thereupon be disqualified from further acting as such executor; and in that event, or if any executor is disqualified to act from any other cause, or if there be a vacancy occasioned by the death or other cause, any two of my executors may appoint a third and fill such vacancy by appointment in writing to be filed among the records of the County Court of McLennan County with the papers pertaining to the probate of my will; but should two or more vacancies occur at one time, then the County Court of McLennan County shall appoint an executor or executors with the will annexed to carry out the trusts herein provided, for which executor or executors so appointed with such original executors as may be then acting shall be required by the said court to give bond in due form of law as provided by law. The absence of all the executors from the State of Texas at one time for more than six months, or the absence at one time of two of them for more than one year, shall disqualify those so absenting themselves, and the court shall then appoint others as herein provided.

"'Item 7th.—Upon my death it is my desire that my said executors or either of them have this will probated in due form of law, and that they or either of them have a full and complete inventory and appraisement of my estate returned into court according to law, and that the same be recorded, and that no further action be had in the County Court in reference to my estate except as herein provided. If at my death it should appear that any of the above named executors have died before me, or if from any cause they or either of them are disqualified from accepting and executing the trusts herein provided for, then such vacancies shall be filled as above provided for.

"'Item 8th.—Upon my death and after the probate of this will as aforesaid, my executors accepting and qualified to act as aforesaid, are hereby authorized and empowered to take possession of my entire estate, whether in money, real estate, personal or mixed, and the same to keep and hold in their possession and care, upon the trusts, terms and conditions herein provided for, for the full period of twenty-five years after my death, should my son Peter live so long, and at the expiration of said twenty-five years, my said executors shall turn over to my said son Peter, if living, the entire residue of my estate, whether money, real, personal or mixed, with the increase and accretions to the same as provided for herein, after paying the charges of every kind and legacies herein provided for out of the same, but should my son Peter die before the expiration of the said period of twenty-five years after my death, or before I do, then it is my desire that said trusts shall end, and that my heirs at law shall take my estate, clear of the trusts, charges and encumbrances herein created, according to

· the laws of the State of Texas, and that my executors turn the same over to them, charged, however, with the bequests to my wife, if living.

"'Item 9th.—It is my desire that my executors shall collect the rents promptly on my rent paying real estate, and that they will collect also all other income of my estate, from any and all other sources from the date of my death, during the continuance of the trusts herein provided for, for the said period of twenty-five years and that they will pay out of such income all taxes that may become due; that they will insure, and pay for same, all the buildings on the real estate belonging to my estate; that they will pay all the legacies, bequests and charges upon my estate herein created and provided for and will pay all other charges that may become necessary to preserve and protect said estate in their judgment; that they will prosecute and defend suits, if necessary to protect my estate, pay all such costs and charges as may be necessary in their judgment, and may employ and pay counsel for litigation and advice for the preservation and care of said estate or in making investments of the income of the same, as in their judgment may seem best for the interests of my estate; and in case repairs become necessary, or ordinary improvements calculated to retain renters or increase the rents of the estate, they shall make the same as in their judgment may seem best for the interests of the estate. Should any buildings or other improvements be destroyed by fire or otherwise, they, my said executors are hereby authorized to rebuild the same as to them may seem best for the interest of my said estate, all of which shall be chargeable to my estate, and payable out of the income thereof by my said executors. My said executors are authorized and empowered to retain, out of all moneys coming into their hands from the income of said estate or other sources, five per centum upon the gross receipts as a compensation for their care of the same and for executing the trusts herein provided for.

"'Item 10th.—After the payment of said legacies and charges aforesaid as they may accrue and become due, it is my desire that the residue, of the income of my said estate as it accrues, shall be deposited in the "State Central Bank," doing business in the City of Waco, if it be then in business, of which bank I am a stockholder, and whenever such deposits or cash on hand in the hands of my said executors shall amount to the sum of five thousand dollars, I desire that my executors shall purchase capital stock of said "State Central Bank," and hold the same as assets of my estate, collecting dividends as same may be declared, and reinvesting whenever the said sum of five thousand dollars may be on deposit or in hand for the credit of my estate as aforesaid; but my said executors are specially authorized and empowered to invest the surplus income of my said estate in government securities or in rent-paying real estate, or they may invest in unimproved real estate in the County of McLennan or City of Waco, in the State of Texas, and may improve the same or any unimproved property of the estate as may seem best to them in their judgment for the interest of the estate.

"'Item 11th.—All other wills or parts of wills or codicils to the same heretofore made by me are hereby revoked.

" 'In testimony whereof I have hereunto set my hand this 22nd day of October, 1881, and declare this to be my last will and testament.

P. McClelland.

" 'Signed and executed in the presence of the following witnesses, who sign and witness the same in the presence of the testator and of each other, at the testator's request.

J. T. Walton,
John T. Flint.

" 'Codicil. In lieu of item 6th and 7th of the foregoing will,—

" '1st.—I, Peter McClelland, Sr., now here revoke Clause (Item 6th) Sixth of my foregoing will, executed and dated on the 22nd day of October, A. D., 1881, and now here appoint John E. Gilbert and William L. Prather, citizens of the county of McLennan and State of Texas, my executors to carry out the terms and execute the trusts provided for in my said foregoing will; and as I repose full confidence in their honesty, fidelity and ability, I desire that no bond shall be required of them. Should either of my executors leave the State of Texas and remain away for more than one year at a time, or fail to accept such executorship upon my death, such executor shall thereafter be disqualified from further acting as such. My estate shall not be considered vacant, so long as either of said executors continue to act, but in the case of death, resignation, failure to act, or disability of both my said executors, then the County Court of McLennan County shall appoint an executor with the will annexed to carry out the provisions of said will and trusts therein provided for, which executor so appointed shall be required to give bond, as provided by law.

" '2nd.—And I here now revoke Item Seventh of my said will and in lieu thereof, I desire upon my death that my said executors or either of them have my said will probated in due form of law, and that they or either of them have a full and complete inventory and appraisement of my said estate returned into court according to law, and that the same be recorded and that no further action be had in the County Court in reference to my estate except as provided in said will or herein, and this codicil now here is made a part of said will as fully as if it had been originally incorporated therein.

" 'Upon a further consideration I desire after my death and the death of my wife that my son Peter McClelland, may occupy and enjoy my homestead, if he chooses so to do, but upon the condition that he first convey back to my estate the home I have given him on Hogan Hill; in case he does not do so, then my homestead upon the death of my wife shall pass to the possession of my executors to be administered as provided for the balance of my estate. I further desire to continue the trusts created herein in my executors for and during the natural life of my said son Peter, but if in their judgment he is provident and careful they may make such advances out of the estate as they may think right and proper over and above the provisions made herein for him and in said will.

" 'In testimony whereof, I hereunto set my hand this 17th day of

August, 1886, and declare it to be my last will and codicil in presence of the subscribing witnesses hereto.

P. McClelland.

"'Signed in our presence and declared by the testator in our presence to be his last will and codicil thereto.

John T. Flint,<br>D. S. Wood,<br>W. N. Orand.'

"This will and codicil were filed for probate in the County Court McLennan County, Texas, in October, 1886, by the executors named therein, and Peter McClelland, Jr., the defendant herein, contested the probate thereof, and after protracted litigation said will and codicil were admitted to probate as the last will and testament of said Peter McClelland, deceased, on October 10, 1895. In the order probating said will W. L. Prather was appointed sole independent executor of said will, it being recited therein that Gilbert, named in said will as coexecutor, had become disqualified from acting by reason of removal from the State of Texas.

"2nd.—Peter McClelland, the testator, was twice married. His first wife died leaving an issue, one child, Peter, the defendant herein. Joanna McClelland, said Peter McClelland's second wife, had no issue and she and said Peter, Jr., his only child, survived the said Peter McClelland, Sr.

"3rd.—During the pendency of the litigation over the will, Mrs. Joanna McClelland, the widow of the testator, was first appointed temporary administrator; after acting as such for a short time she resigned and was discharged, and John C. West was appointed in her stead. West qualified as temporary administrator and entered upon his duties as such on the 10th day of February, 1891, and continued to act as such administrator until the qualification of said Prather, as hereinafter set out, on October 10, 1895. On that date West filed his final account as temporary administrator, which shows that there were no outstanding debts or claims of any character against the estate and a cash balance in the hands of said temporary administrator of thirty-four thousand five hundred and sixty-six dollars and sixty cents ($34,566.60) which amount was turned over by the said West to the said W. L. Prather on said date and said temporary administrator was discharged.

"4th.—Pending the litigation over the will Joanna McClelland, the widow, elected not to take under the will, and long prior to said October 10, 1895, by proper and regular proceedings, there was a partition of the community estate of the testator and the said Joanna, and the property of said Joanna was set apart to her. She is now dead, and her heirs have no interest in the property now in controversy.

"5th.— On the day said will was admitted to probate, Prather qualified as sole independent executor, and thereupon, on the same date, filed an inventory, appraisement and list of claims of said estate, and an order was entered in the County Court approving the inventory and appraisement, and thereafter the Probate Court made no further

orders in the matter of said estate and Prather managed and controlled the same outside of the Probate Court.

"6th.—When Prather took possession of said estate John C. West, temporary administrator, turned over to him all the property of the estate, including the sum of thirty-four thousand, five hundred and sixty-six dollars and sixty cents ($34,566.60) in cash. It was admitted upon the trial and is a fact that at this time there were no debts, suits, claims or demands of any character whatsoever outstanding against said estate, and that said property came into the hands of said Prather absolutely free of debt and discharged of all bequests or legacies excepting only the charge on the same in favor of Peter McClelland, Jr., during his life, with remainder in fee to the heirs of Peter McClelland, Sr., as set out in the will and codicil.

"7th.—Pending the litigation over the will, the temporary administrator paid to Peter McClelland, Jr., under proper orders of the court, the sum of One Hundred and Fifty dollars ($150) monthly out of the funds of the estate. Prather, immediately after qualifying and filing an inventory and appraisement, exercised the discretion vested in him by the will, and increased the allowance to Peter McClelland, Jr., to the sum of Four Hundred ($400) dollars per month, which sum he paid to Peter monthly out of the estate, until his, Prather's death, on July 24, 1905. From the time Prather qualified up to the date of his death, he continued to manage and control said property, collect all rents and income therefrom, make leases and rental contracts, pay all taxes and insurance, defend suits for or growing out of said property, and pay expenses of the same, including counsel fees, to make repairs and improvements on the property, and in every way to execute the trust reposed upon him by the terms of said will.

"8th.—The property at the time of the death of Peter McClelland consisted, and so continues, chiefly of rent bearing real estate situated in the City of Waco, McLennan County, of the probable value of $250,000, yielding yearly in rentals about the sum of $20,000.

"9th.—Plaintiffs herein are nearest collateral kin to the testator and, excluding Peter McClelland, Jr., are the lawful heirs of Peter, Sr.; and Peter, Jr., the defendant herein, is the only lineal descendant of Peter McClelland, Sr., and the nearest of kin. Peter, Jr., has been married four times, and is now living with his fourth wife, with whom he has been living over ten years. Is now over fifty years of age, and has never had issue.

"10th.—At the time Prather died, there were claims against him arising out of his management of said property, all of which are charged by the parties holding them to have been contracted by him within a year of his death in his management and control of said property, consisting of claims for improvements, and repairs on the property made by said Prather in the execution of the trust imposed upon him by the terms of said will.

"11th.—There has never been any settlement made by the estate of W. L. Prather, since his death, as trustee of the McClelland property; but his executor admits an indebtedness from Prather, as such trustee, to the estate, of $1,800, which she has offered and is willing to pay to anyone authorized to receive the same. Peter, Jr., when

appointed administrator, declined to receive the same, claiming a much larger amount, and brought suit for $47,817.88 against Prather's executrix, which suit is now pending.

"12th.—On July 28, 1905, after Prather's death, Peter McClelland, Jr., defendant herein, applied to the Probate Court of McLennan County for temporary letters of administration on the estate of Peter McClelland, deceased, and on the same day he was appointed temporary administrator; on August 16, 1905, he filed his application to be appointed permanent administrator of the estate of Peter McClelland, deceased, with the will annexed, and thereafter on the 4th day of September, 1905, he filed his final report as temporary administrator and was discharged, and was on the same day appointed administrator with the will annexed and thereafter, in due course, qualified as such, and continued to act as such until the 3rd day of February, 1906, upon which date the plaintiffs herein filed and obtained service upon their original petition for certiorari herein; on March 6, 1906, plaintiffs filed a supersedeas bond in the amount fixed by the court, and thereupon a writ of supersedeas was issued and served, whereby the jurisdiction assumed by the County Court over the property formerly belonging to Peter McClelland, Sr., and all the proceedings in said court in reference thereto were superseded.

"13th.—All the proceedings and orders alleged in plaintiff's petition for a certiorari to have taken place in the County Court of McLennan County, Texas, in the course of the administration of the estate of Peter McClelland, deceased, by young Peter as administrator *de bonis non* with the will annexed, did take place and were made as alleged, as will fully appear by the record in this case, to which reference is made.

"14th.—If I have overlooked any fact material to a correct finding of the law of this case in the foregoing findings, I refer to and make a part hereof the agreed statement of facts, filed herein, upon which this case was tried. The facts are agreed upon and the only controversy between the parties is the legal effect of the facts as agreed upon.

"*Conclusion of the law.* Under the terms of the will and codicil of Peter McClelland, as above set out, W. L. Prather, the only executor therein named who qualified, was intended by McClelland both as executor and thereafter as trustee, and in law he occupied this dual position, first that of executor, and after the discharge of all his duties as executor, then that of trustee to carry out the terms of the trust imposed upon him by the will. At the time the will and codicil were probated, the temporary administrator having discharged all claims against the estate, if there were any, and there being at that time no necessity for further administration in the County Court, when Prather took charge of the estate and filed an inventory and appraisement thereof, he had discharged all the duties incumbent upon him as executor, and being, in effect, the sole legatee, in trust however, under the will and in possession of the estate, he thereafter ceased to hold the property of the estate as executor and held the same as trustee; in other words, after all the duties incumbent upon him as executor had been discharged, the estate ceased to be the estate of a decedent, in the technical sense of that word, and became an

estate in trust, and the executor, being the trustee, thereafter held and administered said estate as trustee. Immediately after taking possession of the property and filing an inventory and appraisement thereof, Prather exercised the discretion given him in the will and increased the monthly allowance to young Peter. This was an exercise of the trust reposed in him personally as trustee. The estate of Peter McClelland had been completely administered, so far as the County Court was concerned; and inasmuch as the property was then in the hands of him whom Peter McClelland had named in his will to carry out the trusts therein created, it was distributed, and in my judgment, Prather ever thereafter held the property as trustee. I am of the opinion, under the facts of the case, that as soon as Prather had discharged all the duties of executor as required of him by law and the will, which was the filing of an inventory and appraisement under the terms of the will, the County Court lost entire jurisdiction over the property, and never thereafter reacquired such jurisdiction, and it became an estate in trust as completely and perfectly as if some other person had been named as trustee, and Prather, as executor, had turned over the property of the estate to such other person to administer the trust. Prather now being dead, the trust will not be permitted to lapse for want of a trustee, and, in my opinion, the District Court has exclusive jurisdiction to appoint such trustee.

"This is not a collateral attack upon the proceedings of the County Court in appointing young Peter administrator with the will annexed, but the entire matter and all the proceedings had in the County Court affecting this property have been brought to this court by certiorari, superseding, at least during the pendency of the certiorari proceedings, entirely the jurisdiction of the County Court over said matter, and this court by virtue of its appellate jurisdiction over the County Court under the certiorari proceedings, as well as a court of law and equity, under the original bill filed herein, which have been consolidated, must determine, first, whether or not the County Court had jurisdiction to appoint such administrator, and second, if that court had no such jurisdiction, to appoint a trustee to administer the trust; and being of the opinion that the County Court had no jurisdiction over the property involved herein, I think the order of the court appointing Peter, Jr., administrator of the estate of Peter McClelland, Sr., as well as all other orders entered therein by the County Court, are void, and that it is my duty to appoint a trustee to take charge of said property and carry out the trusts created by the will, and I have done so.

"The number of times this will of Peter McClelland has been construed by our higher courts (to which I respectfully refer) renders unnecessary, I think, any further conclusions of law upon my part."

It is not necessary to an affirmance of the judgment that we should expressly approve all that is said by the court in its conclusions of law, but we agree with the court in the disposition made of the case. There is no controversy about the facts. They are stated by the court substantially in accordance with the agreed statement found in the record.

The 10th finding of facts states that certain items of indebtedness were incurred by Prather during the time that he, as trustee, was in

charge of the estate. These items, which are not necessary to be repeated, are fully set out and itemized in the agreed statement found on page 56 of the record.

In the cases of McClelland v. McClelland, 37 S. W. Rep., 350 and Woods v. McClelland, 53 S. W. Rep., 381, the will in question was construed by this court; and we substantially held that the trust created by its terms was active and express, and that the instrument created what was understood to be a spendthrift trust. The legal title of the property was vested in Prather, the deceased trustee, subject to the terms and conditions stated in the will; and it is difficult to conceive how an administrator with the will annexed could, in view of our probate laws, administer the estate so as to effectuate the intention of the testator. The duties imposed could only be performed by a trustee who could exercise the same powers that were conferred upon Prather; and he having died, the District Court, in the exercise of its general jurisdiction, had the power to appoint a trustee. Willis v. Alvey & Davidson, 30 Texas Civ. App., 96.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.