**WELLS et al. v. GRAY.**

**In re THOMAS' ESTATE.**

**No. 12287.**

Court of Civil Appeals of Texas.
San Antonio.

May 31, 1951.

Rehearing Denied June 27, 1951.

H. M. Bellinger, San Antonio, for appellants.

Chas. T. Haltom, San Antonio, for appellee.

POPE, Justice.

This is an action to determine heirship, and was filed in the administration proceedings of an estate pending in the county court. The district court on appeal sustained exceptions to the pleadings and held that the district court rather than the county court had jurisdiction to settle heirship grounded on a claimed adoption. The court further held that the dispute about adoption and heirship concerned the title to realty over which the district court possessed original jurisdiction. The district court concluded that the appeal from a judgment which the county court rendered without jurisdiction conferred no appellate jurisdiction on the district court.

In 1948, E. J. Thomas died intestate and thereafter Eva Gray sought and obtained letters of administration on his estate, which administration is still pending. Thereafter, appellant Ethel Thomas Wells filed an application to have her heirship declared, and alleged that she was the adopted daughter and heir of the deceased Thomas. The action was filed under the same number and in the same probate cause then pending in the county court. The county court, after hearing the evidence, held that appellant was the adopted daughter of Thomas and his deceased wife, and that various named defendants were estopped to deny that she was an heir. The district court, upon sustaining the special exceptions to appellant's pleadings challenging the court's jurisdiction, entered its order dismissing the cause, from which judgment this appeal was perfected. The sufficiency of the allegations to support appellant's claim that she was either legally or equitably adopted is not before us. The question becomes one of determining the court in which the issue of adoption, insofar as it relates to heirship, may properly be commenced and tried. We think the applicable rules may be summarized as follows:

■ (1) When the district court originally obtains power and jurisdiction over all the parties and the subject-matter, it may determine the heirs of a decedent and do all things necessary and proper to ascertain the lawful owners and effect the partition. Cogley v. Welch, Tex.Com. App., 34 S.W.2d 849; McClelland v. McClelland, 46 Tex.Civ.App. 26, 101 S.W. 1171.

■ (2) Where there has been no administration in Texas, and when there has been a will probated in Texas or elsewhere, or an administration in this State upon the estate of a decedent, and real or personal property in Texas has been omitted from either the will or the administration; or no final disposition thereof has been made in the administration, an original adjudication of heirship may be sought in the county court under Articles 3590-3597a, Vernon's Ann.Civ.Stats.; Cavanaugh v. Davis, Tex.Sup., 235 S.W.2d 972.

■ (3) But where there is an administration pending, Article 3590 prohibits original and separate proceedings in the county court, and instead of an original proceeding in the district court, which has not acquired jurisdiction over the persons and estate, the matter of heirship may properly be determined by an action in the administration proceedings then pending in the county court. The last situation is illustrated by the holding in Zamora v. Gonzalez, Tex.Civ.App., 128 S.W.2d 166, 168, wherein it was decided that the probate court which had begun the administration of an estate of a decedent, but had not yet closed the estate, was the proper court to determine heirship, which, like the present case, turned on the fact question of adoption. It was there stated: "Both the constitution and statutes of this State confer exclusive original jurisdiction upon county courts, and appellate jurisdiction only upon district courts, over business pertaining to the estates of decedents, and the settlement, partition and distribution thereof, and this includes the power and duty of determining who are the legal heirs of decedents and their

respective shares in estates of decedents." (Citing numerous authorities,)

■ And to the same effect is O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060, 1062, which holds that the district court does not have jurisdiction to determine heirship during the pendency of an administration. It is there stated: "The jurisdiction of the county court having been once acquired cannot be destroyed, diminished, or suspended by any one of the parties bringing an action in another court, and any judgment or order of the latter court is void in so far as it conflicts with any judgment or order of the court first acquiring jurisdiction. It therefore follows that the district court of Uvalde county had no jurisdiction in the matters involved in this suit and had no authority under the facts shown in this record to enter any decree or judgment therein."

Cogley v. Welch, supra, on close reading accords with this holding. It is true, as there stated, that a district court only acquires such jurisdiction on appeal as the county court has as a court of original jurisdiction. But, in that case, at the time the separate original action was filed in the county court seeking an adjudication of heirship under Article 3590, there was already properly pending in the district court a suit for partition and distribution of trust funds, with issues raised and pleaded relating to heirship. The district court's jurisdiction could not be ousted by the subsequent proceeding. In the instant case, however, the administration was first pending in the county court, and appellant properly commenced his action as an incident to that administration by proceeding in the same cause.

■ Whether the determination of heirship involves a question of title to realty, such as to give jurisdiction to the district court, is also controlled by Zamora v. Gonzalez, supra: "The question of title is purely incidental to the main proceedings in the probate court, which had already assumed and was in the active exercise of its proper jurisdiction of determining the

186

controlling issue of heirship, for the purpose of settling, distributing and closing the estate, and appellees will not be permitted to lug in the fictitious issue of title and thereby deprive the probate court of its jurisdiction. The only issuable question in the whole proceeding in either court was one of heirship which, according to the authorities cited and under the record here, was cognizable only in the county court, whose jurisdiction thereover was first invoked, although now repudiated, by appellees."

The judgment is reversed and the cause remanded for trial.