IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00380-CR

 

Javier Diaz,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-114-C2

 



MEMORANDUM  Opinion










 

            Javier Diaz was convicted of assault-family
violence, enhanced.  He filed a notice of appeal.  He has now filed a Motion to
Dismiss Appeal requesting this Court to withdraw the notice of appeal and
dismiss the appeal.  Diaz personally signed the notice to withdraw.

            This appeal is dismissed.  Tex. R. App. P. 42.2(a).

 

                                                                                    TOM
GRAY

                                                                                    Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed March 12, 2008

Do
not publish

[CR25]






te on August 22, 2006.  Wilborne filed another application to
determine heirship on October 2, 2007.

A settlement of the lawsuit was reached
in the district court and was announced in open court at a hearing on August
18, 2006.  There was no allocation of the settlement funds between the
wrongful-death claim and the Estate’s survival claim at that hearing.  Wilborne
was represented by her attorney, who agreed to the settlement and did not
object about the settlement amount.  Wilborne later non-suited her intervention
in the district court.

There was an agreement not to distribute
the funds until an allocation was made, and the settlement was held in trust. 
An evidentiary hearing was held on May 3, 2007, and the district court
apportioned the settlement award between the wrongful-death claim and the
survival claim, but the parties agreed that the settlement allocation would be
subject to the approval of the probate court.

At a hearing in the probate proceeding
on October 1, 2007, the Honorable John A. Hutchison, III, statutory probate judge
sitting by appointment, approved the settlement, including the allocation of
the settlement proceeds as allocated by the 278th Judicial District Court.  Judge
Hutchison noted on the record that the district court had made a determination
that Lehman was Mondile’s common-law spouse.

The distribution of the survival-claim
proceeds remains to be determined by the probate court on Wilborne’s petition
to determine heirship filed on October 2, 2007, one day after the probate
court’s settlement allocation approval.

Subject-Matter Jurisdiction

Wilborne argues in her sole issue that “the
trial court erred in approving the settlement of the personal injury lawsuit
entered by the 278th Judicial District Court.”  She essentially asserts that
the probate court erred in approving the district court’s allocation of the
settlement award because the district court did not have subject-matter
jurisdiction to determine whether Lehman was in fact Mondile’s common law
wife.  Because subject-matter
jurisdiction raises a question of law, it is subject to de
novo review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

The probate court appointed Lehman as the
temporary dependent administrator of the Estate on November 11, 2004.  Lehman
then, individually, and as personal representative of the Estate, filed a
wrongful-death and survival action that was settled on August 18, 2006.  On
August 22, 2006, five days after the settlement agreement was approved by the
district court, Jeb Blair was appointed as administrator of the Estate.  There
is no question that, during the time that Lehman was the personal
representative of the Estate, the district court had jurisdiction to approve
the settlement agreement in the lawsuit.  Tex.
Prob. Code § 5(e) (Vernon Supp. 2008) (district court has concurrent
jurisdiction in all personal injury, survival and wrongful-death actions by or
against a person in the person’s capacity as a personal representative).

After the district court approved the
settlement agreement, and with Blair acting as personal representative of the
Estate, the district court held a hearing to determine the appropriate
allocation of the settlement award between Lehman’s individual wrongful-death
claim, and the Estate’s survival claim, to be administered by Blair.  In its
discretion, the district court apportioned the settlement award between Lehman
in her individual capacity as Mondile’s common-law wife and the attorney’s fees
and expenses agreed to by both Lehman and Wilborne.  The district court then
left the remaining portion of the settlement award to the Estate and
specifically made that award subject to the probate court’s approval.  The
probate court held a hearing on October 1, 2007, and it approved the district
court’s apportionment of the settlement award.

Under these circumstances, we cannot say
it was error for the probate court to approve the district court’s apportionment
of the settlement award.  The district court had subject-matter jurisdiction to
determine Lehman’s status as Mondile’s common-law spouse and the amount of her
wrongful-death claim.  See Tex.
Prob. Code § 5(e); Wells v. Gray, 241 S.W.2d 183, 184 (Tex. Civ.
App.—San Antonio 1951, writ ref’d) (when a district court originally obtains
power and jurisdiction over all the parties and the subject matter, it may
determine the heirs of a decedent and do all things necessary and proper to
ascertain the lawful owners in the estate).  Further, all the parties involved,
including Wilborne, agreed to the allocation of the attorneys’ fees.  The
remainder of the settlement-agreement funds, belonging to the Estate, were then
subject to the approval of the probate court.  We overrule Wilborne’s sole
issue and affirm the county court’s approval of the allocation of the
settlement proceeds.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray dissents.  A separate opinion will not issue)

Affirmed

Opinion
delivered and filed December 17, 2008

[CV06]








 









[1]  
Wilborne contends that Mondile
equitably adopted her and her siblings during his lifetime.