

# IN THE
# TENTH COURT OF APPEALS

### No. 10-07-00322-CV

## ESTATE OF THOMAS PATRICK MONDILE, DECEASED,

**From the County Court
Madison County, Texas
Trial Court No. P04055**

## MEMORANDUM  OPINION

This case involves the administration of the estate of Thomas Patrick Mondile, deceased (Mondile).  On November 10, 2004, Mondile died as the result of the alleged negligence of the employees of Madison St. Joseph Regional Health Center and Roy Broadbent, CRNA.

On November 12, 2004, Alta Lehman initiated a temporary dependent administration for the Estate of Thomas Patrick Mondile (the Estate) in the County Court of Madison County, sitting in probate, to allow her to file a survival action on behalf of the Estate.  Lehman filed a wrongful-death and survival lawsuit in the 278th Judicial District Court of Madison County (the lawsuit) against the Regional Health Center and Broadbent.  Vivian Wilborne filed an intervention in the district court

contesting Lehman's status as Mondile's common-law spouse.[1]   The lawsuit was prosecuted primarily by Lehman and her attorneys.

On March 10, 2005, Wilborne filed a motion in the probate proceeding to remove Lehman as temporary administratrix of the Estate, along with an application for letters of administration.  She also sought a declaration of heirship.  Wilborne's action was never ruled on by the probate court, and the temporary administration expired by operation of law.  Jeb Blair was appointed by the probate court as dependent administrator of the Estate on August 22, 2006.  Wilborne filed another application to determine heirship on October 2, 2007.

A settlement of the lawsuit was reached in the district court and was announced in open court at a hearing on August 18, 2006.  There was no allocation of the settlement funds between the wrongful-death claim and the Estate's survival claim at that hearing.  Wilborne was represented by her attorney, who agreed to the settlement and did not object about the settlement amount.  Wilborne later non-suited her intervention in the district court.

There was an agreement not to distribute the funds until an allocation was made, and the settlement was held in trust.  An evidentiary hearing was held on May 3, 2007, and the district court apportioned the settlement award between the wrongful-death claim and the survival claim, but the parties agreed that the settlement allocation would be subject to the approval of the probate court.

---

[1]   Wilborne contends that Mondile equitably adopted her and her siblings during his lifetime.

At a hearing in the probate proceeding on October 1, 2007, the Honorable John A. Hutchison, III, statutory probate judge sitting by appointment, approved the settlement, including the allocation of the settlement proceeds as allocated by the 278th Judicial District Court. Judge Hutchison noted on the record that the district court had made a determination that Lehman was Mondile's common-law spouse.

The distribution of the survival-claim proceeds remains to be determined by the probate court on Wilborne's petition to determine heirship filed on October 2, 2007, one day after the probate court's settlement allocation approval.

**Subject-Matter Jurisdiction**

Wilborne argues in her sole issue that "the trial court erred in approving the settlement of the personal injury lawsuit entered by the 278th Judicial District Court." She essentially asserts that the probate court erred in approving the district court's allocation of the settlement award because the district court did not have subject-matter jurisdiction to determine whether Lehman was in fact Mondile's common law wife. Because subject-matter jurisdiction raises a question of law, it is subject to *de novo* review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

The probate court appointed Lehman as the temporary dependent administrator of the Estate on November 11, 2004. Lehman then, individually, and as personal representative of the Estate, filed a wrongful-death and survival action that was settled on August 18, 2006. On August 22, 2006, five days after the settlement agreement was approved by the district court, Jeb Blair was appointed as administrator of the Estate. There is no question that, during the time that Lehman was the personal representative

of the Estate, the district court had jurisdiction to approve the settlement agreement in the lawsuit. TEX. PROB. CODE § 5(e) (Vernon Supp. 2008) (district court has concurrent jurisdiction in all personal injury, survival and wrongful-death actions by or against a person in the person's capacity as a personal representative).

After the district court approved the settlement agreement, and with Blair acting as personal representative of the Estate, the district court held a hearing to determine the appropriate allocation of the settlement award between Lehman's individual wrongful-death claim, and the Estate's survival claim, to be administered by Blair. In its discretion, the district court apportioned the settlement award between Lehman in her individual capacity as Mondile's common-law wife and the attorney's fees and expenses agreed to by both Lehman and Wilborne. The district court then left the remaining portion of the settlement award to the Estate and specifically made that award subject to the probate court's approval. The probate court held a hearing on October 1, 2007, and it approved the district court's apportionment of the settlement award.

Under these circumstances, we cannot say it was error for the probate court to approve the district court's apportionment of the settlement award. The district court had subject-matter jurisdiction to determine Lehman's status as Mondile's common-law spouse and the amount of her wrongful-death claim. *See* TEX. PROB. CODE § 5(e); *Wells v. Gray*, 241 S.W.2d 183, 184 (Tex. Civ. App.—San Antonio 1951, writ ref'd) (when a district court originally obtains power and jurisdiction over all the parties and the subject matter, it may determine the heirs of a decedent and do all things necessary and

proper to ascertain the lawful owners in the estate).  Further, all the parties involved, including Wilborne, agreed to the allocation of the attorneys' fees.  The remainder of the settlement-agreement funds, belonging to the Estate, were then subject to the approval of the probate court.  We overrule Wilborne's sole issue and affirm the county court's approval of the allocation of the settlement proceeds.


                                    BILL VANCE
                                    Justice

Before Chief Justice Gray,
        Justice Vance, and
        Justice Reyna
        (Chief Justice Gray dissents.  A separate opinion will not issue)
Affirmed
Opinion delivered and filed December 17, 2008
[CV06]