IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00322-CV

 

Estate
of Thomas Patrick Mondile, Deceased,

 

 

 



From the County Court

Madison County, Texas

Trial Court No. P04055

 



MEMORANDUM  Opinion



 

This case involves the administration of
the estate of Thomas Patrick Mondile, deceased (Mondile).  On November 10,
2004, Mondile died as the result of the alleged negligence of the employees of Madison St. Joseph Regional Health Center and Roy Broadbent, CRNA.

On November 12, 2004, Alta Lehman
initiated a temporary dependent administration for the Estate of Thomas Patrick
Mondile (the Estate) in the County Court of Madison County, sitting in probate,
to allow her to file a survival action on behalf of the Estate.  Lehman filed a
wrongful-death and survival lawsuit in the 278th Judicial District Court of Madison County (the lawsuit) against the Regional Health Center and Broadbent.  Vivian
Wilborne filed an intervention in the district court contesting Lehman’s status
as Mondile’s common-law spouse.[1] 
The lawsuit was prosecuted primarily by Lehman and her attorneys.

On March 10, 2005, Wilborne filed a
motion in the probate proceeding to remove Lehman as temporary administratrix
of the Estate, along with an application for letters of administration.  She
also sought a declaration of heirship.  Wilborne’s action was never ruled on by
the probate court, and the temporary administration expired by operation of
law.  Jeb Blair was appointed by the probate court as dependent administrator
of the Estate on August 22, 2006.  Wilborne filed another application to
determine heirship on October 2, 2007.

A settlement of the lawsuit was reached
in the district court and was announced in open court at a hearing on August
18, 2006.  There was no allocation of the settlement funds between the
wrongful-death claim and the Estate’s survival claim at that hearing.  Wilborne
was represented by her attorney, who agreed to the settlement and did not
object about the settlement amount.  Wilborne later non-suited her intervention
in the district court.

There was an agreement not to distribute
the funds until an allocation was made, and the settlement was held in trust. 
An evidentiary hearing was held on May 3, 2007, and the district court
apportioned the settlement award between the wrongful-death claim and the
survival claim, but the parties agreed that the settlement allocation would be
subject to the approval of the probate court.

At a hearing in the probate proceeding
on October 1, 2007, the Honorable John A. Hutchison, III, statutory probate judge
sitting by appointment, approved the settlement, including the allocation of
the settlement proceeds as allocated by the 278th Judicial District Court.  Judge
Hutchison noted on the record that the district court had made a determination
that Lehman was Mondile’s common-law spouse.

The distribution of the survival-claim
proceeds remains to be determined by the probate court on Wilborne’s petition
to determine heirship filed on October 2, 2007, one day after the probate
court’s settlement allocation approval.

Subject-Matter Jurisdiction

Wilborne argues in her sole issue that “the
trial court erred in approving the settlement of the personal injury lawsuit
entered by the 278th Judicial District Court.”  She essentially asserts that
the probate court erred in approving the district court’s allocation of the
settlement award because the district court did not have subject-matter
jurisdiction to determine whether Lehman was in fact Mondile’s common law
wife.  Because subject-matter
jurisdiction raises a question of law, it is subject to de
novo review.  Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 

The probate court appointed Lehman as the
temporary dependent administrator of the Estate on November 11, 2004.  Lehman
then, individually, and as personal representative of the Estate, filed a
wrongful-death and survival action that was settled on August 18, 2006.  On
August 22, 2006, five days after the settlement agreement was approved by the
district court, Jeb Blair was appointed as administrator of the Estate.  There
is no question that, during the time that Lehman was the personal
representative of the Estate, the district court had jurisdiction to approve
the settlement agreement in the lawsuit.  Tex.
Prob. Code § 5(e) (Vernon Supp. 2008) (district court has concurrent
jurisdiction in all personal injury, survival and wrongful-death actions by or
against a person in the person’s capacity as a personal representative).

After the district court approved the
settlement agreement, and with Blair acting as personal representative of the
Estate, the district court held a hearing to determine the appropriate
allocation of the settlement award between Lehman’s individual wrongful-death
claim, and the Estate’s survival claim, to be administered by Blair.  In its
discretion, the district court apportioned the settlement award between Lehman
in her individual capacity as Mondile’s common-law wife and the attorney’s fees
and expenses agreed to by both Lehman and Wilborne.  The district court then
left the remaining portion of the settlement award to the Estate and
specifically made that award subject to the probate court’s approval.  The
probate court held a hearing on October 1, 2007, and it approved the district
court’s apportionment of the settlement award.

Under these circumstances, we cannot say
it was error for the probate court to approve the district court’s apportionment
of the settlement award.  The district court had subject-matter jurisdiction to
determine Lehman’s status as Mondile’s common-law spouse and the amount of her
wrongful-death claim.  See Tex.
Prob. Code § 5(e); Wells v. Gray, 241 S.W.2d 183, 184 (Tex. Civ.
App.—San Antonio 1951, writ ref’d) (when a district court originally obtains
power and jurisdiction over all the parties and the subject matter, it may
determine the heirs of a decedent and do all things necessary and proper to
ascertain the lawful owners in the estate).  Further, all the parties involved,
including Wilborne, agreed to the allocation of the attorneys’ fees.  The
remainder of the settlement-agreement funds, belonging to the Estate, were then
subject to the approval of the probate court.  We overrule Wilborne’s sole
issue and affirm the county court’s approval of the allocation of the
settlement proceeds.

 

 

BILL VANCE

Justice

 

Before Chief
Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray dissents.  A separate opinion will not issue)

Affirmed

Opinion
delivered and filed December 17, 2008

[CV06]








 









[1]  
Wilborne contends that Mondile
equitably adopted her and her siblings during his lifetime.








 abused its discretion in determining the amount of
restitution, set aside the restitution amount, and remanded the cause for a new
restitution hearing.  Drilling v. State, 134 S.W.3d 468,
470-71 (Tex. App.—Waco 2004, abatement order), disp. on merits, No. 10-01-00343-CR (Tex. App.—Waco Feb. 23, 2005, no pet. h.) (not designated for publication); see Barton v. State, 21 S.W.3d 287, 290
(Tex. Crim. App. 2000).  The trial court
held a new hearing, and made findings of fact and conclusions of law reflecting
a new restitution amount.  We offered Appellant
an opportunity to file a supplemental brief; he did not do so.  The majority now affirms.  

      In
Appellant’s first issue, he contends that the evidence that he started a fire
with the intent to destroy or damage his former wife’s house was legally
insufficient.  Appellant points to
evidence that, he contends, is contrary to the verdict, including evidence that
bears on the credibility of the witnesses. 
However, “[a] ‘legal sufficiency of the evidence review does not involve
any weighing of favorable and non-favorable evidence.’”  Margraves
v. State, 34 S.W.3d 912, 917 (Tex. Crim. App. 2000) (quoting Cardenas v. State, 30 S.W.3d 384 (Tex. Crim.
App. 2000)).  Nor does the reviewing
court “assess the credibility of witnesses on each side.”  Ex
parte Elizondo, 947 S.W.2d  202, 205
(Tex. Crim. App. 1996).  The State points
to Appellant’s confession, which was admitted into evidence, and to Appellant’s
testimony, to the effect that he poured gasoline throughout the house, set the
gasoline on fire with a lighter, and left. 
Viewing the evidence in the light most favorable to the verdict of
guilt, we hold that a rational jury could have found beyond a reasonable doubt
that Appellant started the fire with the intent to destroy or damage the
house.  See Tex. Penal Code Ann.
§ 28.02(a)(2); Jackson v. Virginia, 443 U.S. 307, 319 (1979); Coleman v. State, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  The evidence that he did so was legally
sufficient.  We should overrule
Appellant’s first issue on that basis.

      In
Appellant’s second issue, he contends that the trial court abused its
discretion in determining the amount of restitution.  “[B]y failing to object to the terms and
conditions of probation at trial, a defendant affirmatively waives any
complaints he may have had.”  Rickels v. State, 108 S.W.3d 900, 901
(Tex. Crim. App. 2003); see Tex. R. App. P. 33.1(a); cf. Idowu v. State, 73 S.W.3d 918, 922
(Tex. Crim. App. 2002) (declining to decide whether amount of restitution is a
factual sufficiency issue that need not be preserved).[1]  Though
Appellant objected generally to the form of the trial court’s findings and
conclusions prior to the signing by the trial court, Appellant made no
objection to the new restitution amount, and thus waived his complaint.  We should overrule Appellant’s second issue
on that basis.

      The
judgment should be reformed to reflect the following “findings” of the trial
court:

       “The Court finds that Defendant, Rick Drilling, shall pay
restitution to the victim, Lori Drilling Pfeffer, in the amount of $35,000.00.

       “The Court finds that Defendant, Rick Drilling, shall pay
restitution to the insurance company, Austin County Farmers Mutual Fire
Insurance Company, in the amount of $70,000.00.”

      Having
overruled Appellant’s issues, I would then affirm the judgment as reformed.

TOM
GRAY

Chief Justice

Opinion
concurring in part and dissenting in part delivered and filed February
 23, 2005

Publish











[1]       The majority cites Moff v. Texas as dispositive on this issue.  See
Drilling, slip op. (Feb. 23, 2005)
(citing Moff v. State, 131 S.W.3d
485, 489-90 (Tex. Crim. App. 2004)).  It
is not.  Moff involves a question of valuation as an element of theft of
property.  Procedural default
considerations relevant to the elements of an offense with a burden of proof
beyond a reasonable doubt are entirely different from valuation as applied to
restitution.