559 S.W.2d 458 (1977)
ESTATE of Thomas Jefferson MAXEY, Deceased.
Claude GRAY, Sr., Appellant,
v.
Clifton L. SPARKS and Roley Sparks, Jr., Appellees.
No. 8505.
Court of Civil Appeals of Texas, Texarkana.
December 6, 1977.
Rehearing Denied December 27, 1977.
*460 Paul W. Anderson, Anderson & Anderson, Marshall, for appellant.
Clayton E. Evans, Fort Worth, for appellees.
RAY, Justice.
This is a probate proceeding to declare heirship. Clifton L. Sparks and Roley E. Sparks, Jr., appellees (petitioners), filed an application to determine heirship in the County Court of Harrison County. Appellant (contestant), Claude Gray, Sr., filed his response and opposition, stating that a suit was pending in the 71st Judicial District Court of Harrison County, Texas, involving the same parties and the same subject matter. Claude Gray, Sr., was made a party to the proceeding because the deed records of Harrison County showed that he had an interest in the real property described in the application for determination of heirship.
The trespass to try title lawsuit was filed in the District Court of Harrison County on May 24, 1976. The application to declare heirship was filed in the County Court of Harrison County on August 5, 1976. The Sparkses, appellees, filed both actions. Since there was no proceeding pending in the County Court when suit was filed in the District Court, the District Court had authority to proceed to determine the heirship and the title to the land since the District Court had already obtained jurisdiction of all the parties and the subject matter.
"While the statute is clear in its outline of the circumstances under which an action to determine heirship is available, its language is subject to qualification by other rules established by court decisions. If the district court has assumed jurisdiction over the property of the estate and all of the parties in a suit involving a determination of heirship, as it may do when no administration is pending, it cannot be ousted of its jurisdiction by a subsequent proceeding to determine heirship brought in the probate court." 17 M. Woodward and E. Smith, Texas Probate and Decedent's Estates, Sec. 202, p. 168 (1971).
The matter of determining heirship is one over which the County Court has primary jurisdiction, but if there is no probate proceeding pending in the County Court, the District Court may, in a non-probate case such as a trespass to try title suit, assume jurisdiction under its general powers over all suits for trial of title to land, and proceed to determine the heirs of a decedent and do all things necessary and proper to ascertain the lawful owners of the property. Wells v. Gray, 241 S.W.2d 183, 185 (Tex.Civ. App.San Antonio 1951, writ ref'd); Trevino v. Lerma, 486 S.W.2d 199 (Tex.Civ.App. Beaumont 1972, no writ).
When Gray responded and filed his special exceptions in the County Court, he questioned the propriety of the proceeding to declare heirship in the County Court when there was a trespass to try title case pending in the District Court involving the same parties and the same subject matter. The pendency of one suit precludes the maintenance of another suit involving the same cause of action between the same parties in a court of concurrent jurisdiction, and the pendency of the prior suit is ground *461 for abating the subsequent one. 1 Tex. Jur.2d, Abatement and Revival, Secs. 20 and 21. However, the failure to file and urge a dilatory plea in abatement at the proper stage will ordinarily deprive a party of the right to be heard in respect of the matter, and the plea will be ruled to have been waived, unless the matters of abatement relate to the jurisdiction of the court over the subject matter. 1 Tex.Jur.2d, Abatement and Revival, Sec. 81, p. 93. Since both the County Court and the District Court had jurisdiction to determine heirship, the County Court could proceed to declare the heirship of Thomas Jefferson Maxey though it should have abated the heirship proceeding until the District Court finished the trespass to try title case and made its rulings. If the District Court failed to dispose of all heirship issues, then the County Court could proceed to determine the remaining issues. In the present case the declaration of heirship by the County Court will be binding upon the District Court because the County Court, a court of concurrent jurisdiction, proceeded to judgment first and its findings are res adjudicata between the parties in this case. No point of error appears in appellant's brief complaining of the County Court's action in not abating the suit and in proceeding to declare the heirship of Thomas Jefferson Maxey though a prior pending case involving the same parties and the same subject was pending in the District Court.
Following a hearing on the application the County Court entered its judgment declaring that the only heirs of the decedent, Thomas Jefferson Maxey, were appellees, Clifton L. Sparks and Roley Sparks, Jr., and that each was entitled to an equal interest in decedent's estate. The trial court entered its findings of fact and conclusions of law and expressly refused to find that Thomas Jefferson Maxey died owning or entitled to any real or personal property. Appellant has perfected his appeal and submits two points of error for our consideration.
Appellant Gray's two points of error are as follows:
1. "The County Court erred in entering its judgment declaring heirship when it expressly refused to find that the Decedent died owning or entitled to any real or personal property since such a determination is essential to the Court's proper exercise of probate jurisdiction."
2. "There is no evidence in the record to support any finding that the Decedent died possessed of or entitled to any real or personal property and accordingly, the Court was without jurisdiction to determine the heirship of Appellees."
The sole issue presented for our consideration is whether it was necessary for appellees to prove and get a trial court finding that decedent Maxey owned property at the time of his death in order to invoke the jurisdiction of the County Court to determine and declare the heirship of Thomas Jefferson Maxey, Deceased.
The allegations of the petition made in good faith are determinative of whether the cause is within the jurisdiction of the court in which it is brought. Brannon v. Pacific Employers Ins. Co., 148 Tex. 289, 224 S.W.2d 466, 469 (1949). Jurisdiction, as the duty and power of the court to act, however, does not depend on the petition that states the cause of action. The duty and power to act is that conferred upon the court by the Texas Constitution and the statutory enactments thereunder, in this case, the Texas Probate Code, Sec. 48 (Supp.1976-1977), et seq. Jurisdiction of proceedings to declare heirship is conferred upon county and probate courts. Texas Probate Code Ann.Sec. 48 (Supp.1976-1977). The decision to exercise that power is a judicial function and usually involves some degree of discretion.
In the instant case, it is undisputed that the appellees' pleadings met the requirements of Sec. 49, Texas Probate Code (Supp.1976-1977), showing such facts as would indicate that the cause of action was one over which the county court had jurisdiction, that is, an action to declare heirship.
*462 The real issue, then, is whether it was necessary for appellees to prove that the decedent, Thomas Jefferson Maxey, owned or claimed an interest in property at the time of his death before the county court could declare the heirship of the decedent.
Sec. 48(a), supra, provides that when a person dies intestate owning or entitled to real or personal property in Texas, the county court may, under certain conditions, determine and declare who are the heirs and only heirs of such decedent, and their respective shares and interests, under the laws of Texas, in the estate of the decedent.
Sec. 49, supra, provides that any person or persons claiming to be the owner of the whole or a part of the estate of such decedent may institute proceedings to declare heirship. The undisputed evidence in this case shows that appellees have instituted suit in the District Court of Harrison County, Texas, in the nature of a trespass to try title suit, seeking to establish their title to the very same lands described in their petition to declare heirship. The county court does not have jurisdiction outside of Sec. 5(d), Texas Probate Code (Supp.1976-1977), to settle disputes over real property since the jurisdiction of such matters has been vested in the district courts of this state. Texas Const. art. V, Sec. 8. We think it is enough that appellees alleged in their petition and application to declare heirship that they were claiming to be the owners of the estate of the decedent and that the decedent owned the property described in appellees' petition. To require appellees to prove their title in the county court would be a useless thing and the law does not require such when the determination of disputed land titles is left to the district courts of this state exclusively, when not embraced by that portion of Article V, Sec. 8, supra, related to probate matters.
We therefore hold, that good faith allegations and proof that a claim is being made to the land by the applicant and petitioner is sufficient reason to cause the county court to exercise its jurisdiction and to declare the heirship of the decedent in the instant case.
The judgment of the trial court is affirmed.