BANK OF TEXAS, N.A., TRUSTEE,
Appellant,

v.

Steve MEXIA, Guardian, Appellee.

No. 05–03–00347–CV.

Court of Appeals of Texas,
Dallas.

May 5, 2004.

T. Scott Smith, Smith and Smith, Sherman, for Appellant.

David M. Stagner, Stagner & Corley, Sherman, for Appellee.

Before Justices WHITTINGTON, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice LANG.

Bank of Texas, N.A., Trustee, challenges the order terminating the Lucas Michael Swenson Management Trust. In its first three issues, the Trustee contends that the trial judge was constitutionally disqualified because of a conflict of interest between the judge and counsel for the Guardian and that the trial judge should have been recused pursuant to rule of civil procedure 18(b)(2)(a) because of bias and interest. In issues four through seven, the Trustee contends the trial court violated the Trustee's due process rights to citation, notice,

trial by jury, and to call witnesses. In its eighth issue, the Trustee challenges the legal and factual sufficiency of the evidence supporting the trial court's decision to terminate the Trust because the standard for termination of a management trust was not met. For the reasons below, we resolve the Trustee's issues against it and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Lucas Swenson is a minor and a ward of the court in this cause number. Swenson stood to receive a settlement in an amount in excess of $1.5 million from litigation. In January 2002, the County Court at Law No. 1, sitting in probate, found that Swenson's best interest was served by creating a guardianship management trust for Swenson, created the trust by order, and named Bank of Texas, N.A., as the Trustee. Approximately one-half of the trust corpus was invested in the Trustee's proprietary mutual funds, which are mutual funds in which the Trustee or its affiliates have some interest. The Trustee's investment in proprietary funds was disclosed to the Guardian, Swenson's grandfather, in March 2002. On November 21, 2002, the Guardian filed an application for termination of the management trust.

The Guardian's counsel hand delivered to the Trustee an order signed by the trial court on November 21, 2002, setting a hearing on November 27, 2002, on the Guardian's application. The Trustee filed motions to quash and for continuance and a request for citation pursuant to rule 33(d) of the probate code, among other pleadings. On November 27 and December 2, the trial court took up the Trustee's motions to quash and for continuance, but made no rulings. A four-day hearing was held beginning December 10, 2002. On December 12, the Trustee filed a second motion for continuance or, alternatively, for recess, in which it discussed its attempt to secure an independent expert witness on investment strategies. The trial court orally denied the motion. As to the merits of the application, the trial court specifically found that the Trustee's proprietary mutual funds failed to match the performance of the benchmark mutual funds set forth in the prospectus for each respective fund; at least one of the Trustee's proprietary mutual funds was rated two out of possible five by Morning Star; and, during administration of the trust, the trust had lost approximately $300,000, as of the date of the hearing. The trial court found that termination of the management trust was in Swenson's best interest. On December 23, 2002, the trial court signed an order terminating the management trust.

The Trustee filed a motion for new trial. After the motion was filed, a newly elected trial judge succeeded the judge that presided over the hearing. Subsequently, the Trustee filed a supplemental motion for new trial, in which the Trustee argued that the judge who heard the proceedings was represented by counsel for the Guardian in another civil suit and should have been recused. The trial court heard both motions and denied them by written order. Findings of fact and conclusions of law were requested and filed. This appeal timely followed.

## DISQUALIFICATION/RECUSAL

In issues one through three, the Trustee contends that the trial judge was subject to disqualification and recusal because of a conflict. In its supplemental motion for new trial, the Trustee argued that the trial judge should have been recused because of the attorney/client relationship between the trial judge and counsel for the Guardian. The successor judge, who heard the motions for new trial, specifically found

that the counsel for the Guardian represented the judge who heard these proceedings in civil litigation in Tarrant County. The Guardian acknowledges that the conflict should have been disclosed, but argues that, pursuant to *Moritz v. Preiss,* 121 S.W.3d 715 (Tex.2003), the Trustee failed to preserve its recusal issue for review. On appeal, the Trustee argues for the first time that the trial judge is disqualified pursuant to article V, section 11 of the Texas Constitution because of interest and bias arising from the undisclosed conflict. The Guardian responds that representation by the Guardian's counsel of the presiding judge is not grounds for constitutional disqualification.

In *Moritz,* Preiss timely filed a motion for new trial alleging juror misconduct. More than thirty days after the trial court signed the final judgment, Preiss filed an amended motion for new trial, alleging another juror was disqualified. The supreme court reviewed the rules of civil procedure and case law regarding the time for filing an amended motion for new trial. *Id.* at 719–20. Specifically relying on rules 5, 329b(b), and 329b(e), the supreme court said that these rules, read together, "demonstrate that an amended motion for new trial filed more than thirty days after the trial court signs a final judgment is untimely." *Id.* at 720 (citing TEX. RS. CIV. P. 5 (court may not enlarge period for taking any action under rules relating to new trials except as rules allow); 329b(b) (party may file an amended motion for new trial without leave of court before any earlier motion for new trial is overruled and within thirty days after judgment); 329b(e) (if party timely files a motion for new trial, trial court's plenary power extends an additional thirty days after the motion is overruled; during that time, court may grant new trial, or vacate, modify, correct, or reform judgment)). The court summarized the purpose of an un-

timely motion or amended motion for new trial as follows:

> If the trial court ignores the tardy motion, it is ineffectual for any purpose. The court, however, may look to the motion for guidance in the exercise of its inherent power and acting before its plenary power has expired, may grant a new trial; but if the court denies a new trial, the belated motion is a nullity and supplies no basis for consideration upon appeal of grounds which were required to be set forth in a timely motion.

*Id.* (citing *Kalteyer v. Sneed,* 837 S.W.2d 848, 851 (Tex.App.-Austin 1992, no writ)).

 Here, the trial court signed the order terminating the management trust on December 23, 2002. This order is final and appealable. *See* TEX. PROB.CODE ANN. § 5(g) (Vernon Supp.1994); *Huston v. FDIC,* 800 S.W.2d 845, 848 (Tex.1990) ("A probate order or judgment is final if it conclusively disposes of and is decisive of the issue or controverted question for which that particular part of the proceeding was brought, even if the decision does not fully and finally dispose of the entire probate proceeding."). The Trustee's motion for new trial was timely filed on December 26, 2002. *See* TEX.R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). The Trustee's supplemental motion for new trial urging recusal was filed March 6, 2003, the seventy-third day after the final judgment. Accordingly, this motion was untimely. *See* TEX.R. CIV. P. 329b(b). The trial court denied the motion. Recusal may be waived if not raised by proper motion. *In re Union Pac. Res. Co.,* 969 S.W.2d 427, 428 (Tex.1998) (orig.proceeding). Pursuant to *Moritz,* the supplemental motion for new trial urging recusal was untimely, is a

nullity, and does not preserve any issue for review. *See Moritz,* 121 S.W.3d at 720.

At oral argument, the Trustee argued that *Moritz* was a substantive change in the rules that may not be applied retroactively. *See Baker Hughes, Inc. v. Keco R. & D., Inc.,* 12 S.W.3d 1, 4–5 (Tex.1999) (stating rule that "court decisions apply retroactively" except when establishing new principle of law; if prospective or retroactive application *of rule* will further or retard its operation through examination of history, purpose, and effect of rule; and where retroactive application could produce substantial inequitable results). However, *Moritz* cited the rules of civil procedure and case law interpreting the rules, determined the meaning of the rules, and applied those rules to the facts of that case. Accordingly, we reject the Trustee's argument that *Moritz* was a rules change that may not be applied retroactively.

Additionally, the Trustee claims that rule of civil procedure 18a regarding recusal does not apply in this circumstance because the Trustee could not file a motion to recuse, when the conflict was not disclosed and the Trustee did not discover the conflict until after the former judge's term of office expired. The Trustee relies on concurrences in *Sun Exploration & Production Co. v. Jackson,* 783 S.W.2d 202 (Tex.1989). In that case, the trial judge was a first cousin of the defendants' attorney and was related in the fourth degree to each defendant. *Id.* at 205 (Spears, J., concurring). In his concurrence in that case, Justice Spears opined that rule of civil procedure 18a, which permits a party to file a motion to recuse or disqualify ten days before trial, does not contemplate a situation in which a party did not know of a judge's disability to sit in the case until after trial had been completed. *Id.* at 206 (Spears, J., concurring). Justice Spears

further opined that, on remand of the case, the aggrieved party should be permitted to present a motion for recusal pursuant to rule 18a. *Id.* at 207. Justice Gonzalez also concurred in *Sun Exploration.* He opined that rule 18a did not apply "because there is an allegation of after-acquired knowledge of facts or relationships that, if known before trial, would have given rise to a motion for recusal." *Id.* at 208 (Gonzalez, J., concurring). Justice Gonzalez stated that an appellate court should have the right to determine whether the record manifested a "clear pattern of favoritism" and, if so, to reverse and remand. *Id.* As an alternative, according to Justice Gonzalez, an appellate court could abate the appeal while a hearing on recusal is conducted, and a ruling on bias or prejudice pursuant to the rules could be assigned as an additional ground of appeal. *Id.* However, the supreme court did not reverse and remand *Sun Exploration* on grounds of recusal or disqualification, and Justices Spears' and Gonzalez's positions do not state the rule of law or the authority of *Sun Exploration.*

■ Also, the Trustee argues that the trial judge was disqualified pursuant to article V, section 11 of the Texas Constitution and that constitutional disqualification may be raised at any time. *See Buckholts Indep. Sch. Dist. v. Glaser,* 632 S.W.2d 146, 148 (Tex.1982) ("[D]isregard of the constitutional disqualification is error that can be raised at any point in the proceeding."). Article V, section 11 provides in relevant part: "No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, . . ., or when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11. The interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuni-

ary or personal interest in the result of the case presented to the judge. *Cameron v. Greenhill,* 582 S.W.2d 775, 776 (Tex.1979) (per curiam). The interest of a judge, in order that he would be disqualified, must, in general, be a direct pecuniary or property interest in the subject matter of the litigation. *Nueces County Drainage & Conservation Dist. No. 2 v. Bevly,* 519 S.W.2d 938, 951 (Tex.Civ.App.-Corpus Christi 1975, writ ref'd n.r.e.). A remote or problematic interest or one merely in the legal question involved will not suffice. *Id.* Where doubt exists as to a judge's interest, that doubt should be resolved in favor of disqualification. *Lindsley v. Lindsley,* 152 S.W.2d 415, 432 (Tex.Civ. App.-Dallas 1941), *rev'd on other grounds,* 139 Tex. 512, 163 S.W.2d 633 (1942).

The Trustee contends that the former judge in this case was "interested" because counsel for the Guardian represented the former judge in his personal capacity in another suit. However, there is no evidence that any matter regarding the other suit, other than the attorney-client relationship, is related to this case. There is no evidence the former judge had a direct pecuniary or property interest in the subject matter of this litigation. Therefore, we cannot agree that relationship constitutes an interest "which rests upon a direct pecuniary or personal interest in the result of the case presented to the judge." *See Cameron,* 582 S.W.2d at 776; *Bevly,* 519 S.W.2d at 951; *see also In re Union Pac. Res. Co.,* 969 S.W.2d at 428 (declining to grant mandamus relief, when counsel in case at bar represented presiding judge in his official capacity in another, unrelated case, because complaining party had adequate remedy by appeal).

Finally, the Trustee argues that we should apply the holding in the court of criminal appeals' opinion in *McClenan v. State,* 661 S.W.2d 108, 109 (Tex.Crim.App. 1983), *overruled in part on other grounds by De Leon v. Aguilar,* 127 S.W.3d 1, 5 (Tex.Crim.App.2004). In *McClenan,* the court of criminal appeals concluded that bias is a legal disqualification, but "the use of bias as a ground for disqualification [is limited] to those cases in which the bias is shown to be of such a nature and to such an extent as to deny a defendant due process of law." The Trustee has cited no Texas civil case applying *McClenan* as to constitutional disqualification, and we decline to do so. *But see Spigener v. Wallis,* 80 S.W.3d 174, 181 (Tex.App.-Waco 2002, no pet.) (citing *McClenan* in determining any error in failing to refer disqualification/recusal motion was harmless).

Having rejected the Trustee's arguments that *Moritz* does not apply and that a procedure for recusal other than that stated by rule of civil procedure 18a applies, we conclude the Trustee's arguments as to recusal are not preserved for review. Accordingly, we resolve the Trustee's second issue against it. Having rejected the Trustee's argument that the presiding judge was constitutionally disqualified, we resolve issues one and three against the Trustee.

## DUE PROCESS RIGHT TO NOTICE, TRIAL BY JURY, AND EXPERT WITNESS TESTIMONY

In its fourth issue, the Trustee contends its right to procedural due process was violated because it had insufficient notice and opportunity to prepare for the hearing. In its fifth issue, the Trustee contends it had a mandatory right to citation and notice pursuant to section 33(d) of the probate code and forty-five days' notice of trial pursuant to rule of civil procedure 245. In its sixth issue, the Trustee contends it was entitled to trial by jury. In its seventh issue, the Trustee contends the trial court violated the Trustee's due pro-

cess right to call expert witnesses by denying its requests for continuance or recess to allow depositions or the presence of the witnesses at the hearing.

### Standard of Review

We review questions of law de novo without deference to the trial court's conclusions. *State v. Heal,* 917 S.W.2d 6, 9 (Tex.1966). Matters of statutory construction are questions of law for the courts to decide. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989) (per curiam). As such, they are subject to de novo review. *See id.*

### Discussion

■ The trial court concluded that the termination of the trust was not required to be preceded by citation or other notice prior to the court's action, pursuant to section 33(a) of the probate code, and that the court's written order provided notice to the Trustee which was authorized by section 33(a).

■ To the extent applicable and not inconsistent with other provisions of the probate code, the laws and rules governing estates of decedents apply to and govern guardianships. TEX. PROB.CODE ANN. § 603(a) (Vernon 2003). Texas Rules of Civil Procedure apply to will contests only to the extent they do not differ from the procedure established by the probate code. *Wojcik v. Wesolick,* 97 S.W.3d 335, 338 (Tex.App.-Houston [14th Dist.] 2003, no pet.). Section 33(a) of the probate code provides:

> **When Citation or Notice Necessary.** No person need be cited or otherwise given notice except in situations in which this Code expressly provides for citation or the giving of notice; provided, however, that even though this Code does not expressly provide for citation, or the issuance of return of notice to any pro-

bate matter, the court may, in its discretion, require that notice be given, and prescribe the form and manner of service and return thereof.

TEX. PROB.CODE ANN. § 33(a) (Vernon 2003). Under the unambiguous language of section 33(a), it is not necessary to give notice of probate proceedings unless the probate code expressly so provides. *See Wojcik,* 97 S.W.3d at 337. The probate code does not generally require service of citation, or even notice. *Id.* at 338. Section 869(a) provides for the amendment, modification, or revocation of a management trust. *See* TEX. PROB.CODE ANN. § 869(a) (Vernon 2003). Section 870 provides for the termination of a management trust. *See id.* § 870. Neither section expressly provides for service of citation or notice. The Trustee's reliance on section 33(d) is misplaced because notice pursuant to that section arises in situations in which the probate code requires that notice be given or a person be cited. *See id.* § 33(d) (Vernon 2003) No such notice or citation is required here. Accordingly, we reject the Trustee's argument that the trial court's conclusions as to notice are incorrect, and that the Trustee was entitled to citation or issue and return of service in this proceeding pursuant to either the probate code or the rules of civil procedure.

The trial court concluded that the only matter before it was the Guardian's request to terminate the trust and the tort liability of the Trustee was not an issue. Accordingly, the court concluded, pursuant to *Texas State Bank v. Amaro,* 87 S.W.3d 538, 544–45 (Tex.2002), that the Trustee was not entitled to a jury trial or forty-five day's notice of the hearing to terminate the trust.

In *Amaro,* the supreme court addressed whether a party was entitled to forty-five days' notice of a hearing on a final accounting to wind up and terminate a trust

established pursuant to chapter 142 of the Texas Trust Code and a jury trial on that issue. In that case, the trustee moved to determine whether the trust had terminated, to resign as trustee, to approve a final accounting, and for any further relief to which it was entitled. In addition to approving the final accounting and terminating the trust, the trial court absolved a trustee of all liability, including tort liability related to administration of the trust. The supreme court determined that the trust code's accounting provisions did not reach the trustee's tort liability, and that determining tort liability was not necessary to the closing of the trust or ascertaining the balance due the beneficiary and was not within the scope of the relief requested by the trustee. *Id.* at 545. Accordingly, because approving the accounting was administrative and not an adjudication of the trustee's tort liabilities, the supreme court held that the beneficiary was not entitled to a jury trial or forty-five days' notice of the hearing. *Id.*

Here, the application for termination of the management trust did not address the Trustee's liability. Moreover, the trial court specifically concluded that the tort liability of the Trustee was not an issue. Accordingly, we reject the Trustee's argument that *Amaro* does not apply here.

■ As to rights to notice and jury trial, the Trustee argues that it has a proprietary interest which was injured by the trial court's failure to afford the Trustee procedural due process. Specifically, the Trustee argues the monthly trustee's fee and its fiduciary obligation as trustee for the ward are proprietary interests entitling it to citation and issue of service and a jury trial. However, the Trustee cites no authority to support its argument that the interests of the Trustee, as a trustee, are interests that are protected by due process the Trustee claims it was denied.

The probate code does not provide that a trustee has a proprietary interest in the trust. Section 869 provides: "The court may amend, modify, or revoke the trust *at any time* before the date of the trust's termination." TEX. PROB.CODE ANN. § 869(a) (emphasis added). The trust instrument provides that "[a]ll discretionary powers vested in the Trustee ... shall be exercised by the Trustee only in a fiduciary capacity." The trust instrument also provides that the trust "shall remain subject to amendment, modification, or revocation by the County Court at Law No. 1, Sitting in Probate, at any time prior to the termination of the Trust." We reject the Trustee's contention that it has a proprietary interest which is injured by the alleged failure of the trial court to afford procedural due process. Having rejected the Trustee's arguments regarding its right to due process regarding citation, process, and jury trial, we resolve its fourth through sixth issues against it.

■ Further, the Trustee contends that the trial court abused its discretion and violated the Trustee's right to due process by denying the Trustee the right to call witnesses in its case. On December 12, 2002, the Trustee filed a second motion for continuance or, alternatively, for recess in which it stated it had attempted to secure the services of independent expert witnesses, specifically various academics who focused on investment strategies, but the short notice and academic calendar prevented the Trustee from securing an expert. The trial court orally denied the motion. At the December 16 hearing, the Trustee identified two expert witnesses it desired to call, and, at the December 17 hearing, the Trustee made an offer of proof of the witnesses' testimony. The Trustee argues that the expert witnesses would have testified as to the investment strategy suitable to an eighteen-year "in-

vestment horizon" and allowable practices as to proprietary mutual funds.

■ Whether the trial court grants or denies a motion for continuance is within its sound discretion. *Gen. Motors Corp. v. Gayle,* 951 S.W.2d 469, 476 (Tex.1997) (orig.proceeding); *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986). Accordingly, the trial court's ruling will not be reversed unless the record shows a clear abuse of discretion. *Villegas,* 711 S.W.2d at 626. Before the reviewing court will reverse the trial court's ruling, it should clearly appear from the record that the trial court has disregarded the party's rights. *Dallas Indep. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 235 (Tex.App.-Dallas 2000, pet. denied). A reviewing court may reverse for abuse of discretion only when, after examining the entire record, it determines that the trial court's ruling was clearly arbitrary and unreasonable. *3V, Inc. v. JTS Enters., Inc.,* 40 S.W.3d 533, 540 (Tex.App.-Houston [14th Dist.] 2000, no pet.).

Even assuming, without deciding, the trial court abused its discretion in denying the Trustee's requests to present its witnesses, we consider whether the Trustee suffered harm. The Trustee claims harm from its inability to prepare for the hearing. Therefore, to address the harm argument, we consider the Trustee's eighth issue, in which the Trustee contends the evidence is legally and factually insufficient to support the decision to terminate the trust. The trial court found, after hearing argument and evidence, that it was in the best interest of the Estate of Lucas Michael Swenson that the management trust be terminated. The Trustee contends that the proper standard is whether the intent of the settlor has been met, citing section 112.054 of the Texas Trust Code, *see* TEX. PROP.CODE ANN. § 112.054 (Vernon 1995), not the "best interest" of the ward.

The Trustee contends that the probate code does not provide a standard for termination of a management trust. The Trustee notes that section 870(b) states that a trust terminates with respect to an incompetent person, other than a minor, when the trust is no longer in the ward's "best interest." *See* TEX. PROB.CODE ANN. § 870(b) (Vernon Supp.2004). The Trustee argues that the legislature could have included a "best interest" standard in section 870 for minors, but did not. *See Craft v. Craft,* 579 S.W.2d 506, 509 (Tex.Civ. App.-Dallas) (stating "well-accepted principle of statutory construction that the express mention of one thing, consequence, or class, is equivalent to an express exclusion of all others"), *writ ref'd n.r.e.,* 580 S.W.2d 814 (Tex.1979) (per curiam). The Trustee argues that the probate code is silent as to the standard for terminating a management trust and therefore turns to section 112.054 of the Texas Trust Code. Further, the Trustee argues that there was no evidence that "the intent of the trust has been fulfilled."

■ Section 867(b) of the probate code provides that a court in which the guardianship proceeding is pending may enter an order creating for the ward's benefit a trust for the management of guardianship funds "if the court finds that the creation of the trust is in the ward's ... best interests." TEX. PROB.CODE ANN. § 867(b). Section 869 provides for termination of a trust by the court at any time. *Id.* § 869(a). Moreover, a trial court determines whether a guardian should be authorized to take action for a ward by evaluating the best interest of the ward. *See Stubbs v. Ortega,* 977 S.W.2d 718, 724 (Tex.App.-Fort Worth 1998, pet. denied) (court concludes guardian's authority to file for divorce on behalf of ward was in best interest of ward). The Trustee has no justiciable interest that requires it to

litigate the issue of the advisability of its investment strategy in contrast to the Guardian's proposal in this termination proceeding. Additionally, we have already rejected the Trustee's argument that it had a proprietary interest in this proceeding protected by procedural due process. We reject the Trustee's argument that the best interest of the ward is not the proper standard for termination of the management trust. The Trustee does not attack any of the trial court's findings as to the merits of the Guardian's application. Accordingly, we reject the Trustee's sole argument attacking the trial court's finding that termination of the trust was in the ward's best interests. Therefore, the Trustee's eighth issue is resolved against it.

Having decided the Trustee's eighth issue against it, we conclude that the Trustee cannot show harm from any inability to prepare for the hearing, including its requests to obtain discovery and testimony from expert witnesses on competing investment strategies. Therefore, we conclude that the trial court did not abuse its discretion in overruling the Trustee's motion for continuance, and we resolve the Trustee's seventh issue against it.

## CONCLUSION

Having resolved all the Trustee's issues against it, we affirm the trial court's judgment.