COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-138-CV

 

 

BENCHMARK HOMES AND MARK ROTELLA                           APPELLANTS

 

                                                   V.

 

SCOTT BAKER                                                                       APPELLEE

 

                                              ------------

 

            FROM THE 362ND
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

In two issues, Appellants Benchmark Custom Homes
(ABCH@) and
Mark Rotella (ARotella@) assert
that the trial court abused its discretion (1) in denying counsel to BCH and (2) in not allowing time for BCH and Rotella=s new
counsel to prepare for trial.








II. 
Factual and Procedural Background

Scott Baker contracted with BCH and Rotella for
the construction of a home.  Baker sued
Rotella and BCH for negligence, gross negligence, breach of contract, breach of
warranty, and deceptive trade practices, all arising out of the sale of an
allegedly defective home.  The lawsuit
was filed on January 11, 2005.  

Rotella and BCH were originally represented by
Andrew Passons and Eric Dankesreiter; they withdrew their representation on
July 24, 2006.  Rotella and BCH=s
subsequent attorney, Michael Ysasaga, filed a motion to withdraw on January 24,
2007.  The trial court formally granted
the motion on March 1, 2007,[2]
and set the case for trial on March 12, 2007. 
Rotella and BCH claim that they never received notice of Ysasaga=s motion
to withdraw, but Baker asserts they received notice of the March 1 hearing, as
indicated by the trial court=s docket
notation stating that Rotella and BCH failed to appear despite having notice of
the hearing from their attorney.








Regardless, subsequent to Ysasaga=s
withdrawal, Rotella and BCH hired Robert Cole Jr. on March 6, 2007.  Cole, who represents Rotella and BCH in this
appeal, filed a motion for a continuance for seven days, asserting that the
file he obtained from Ysasaga was not complete. 
The motion requested more time to Areview
the court=s file and familiarize himself
with the legal issues and the facts that will be relevant to the trial of this
lawsuit.@  The trial court=s docket
entries indicate that counsel was offered a one-day continuance.  Cole requested to withdraw,[3]
and the trial court granted his withdrawal.[4]  Rotella proceeded to represent himself pro se
at trial, while BCH had no legal representation.  The jury returned a verdict against Rotella
and BCH.  This appeal followed.

III. 
Issues

In two issues, BCH and Rotella complain that the
trial court abused its discretion by Adenying
counsel to Benchmark Custom Homes@ and by
not allowing time for Cole to prepare for trial.

A.  Abuse
of Discretion








We review the trial court=s
decision under these circumstances under the abuse of discretion standard, that
is, when it clearly appears from the record that the trial court has
disregarded the rights of a party, and the trial court=s ruling
is determined to be arbitrary and unreasonable. 
State v. Crank, 666 S.W.2d 91, 94 (Tex.), cert. denied,
469 U.S. 833 (1984); Dallas ISD v. Finlan, 27 S.W.3d 220, 235 (Tex. App.CDallas
2000, pet. denied) (op. on reh=g),
cert. denied, 534 U.S. 949 (2001); Bank of Tex., N.A., Trustee v. Mexia,
135 S.W.3d 356, 364 (Tex. App.CDallas
2004, pet. denied).  

B.  The
Motion for Continuance

On March 12, 2007, counsel for BCH and Rotella
filed a motion for continuance, averring, inter alia, that he was hired
on March 6, 2007, that the file he obtained from the office of previous counsel
was incomplete, that he wished to Areview
the court=s file and familiarize himself
with the legal issues and facts that will be relevant to the trial of this
lawsuit,@ and
that he had no notice of any issue or fact that may be raised at the
trial.  Counsel requested a continuance
and resetting of the trial Afor a
period of not less than seven days beyond the present setting@ to
prepare for the trial.  

This appeal does not complain that the trial
court allowed counsel to withdraw nor that there was a lack of
opportunity to hire new counsel. 

IV. 
Analysis













The motion for continuance requests time to Areview
the court=s file@ and Afor a
continuance [of not less than seven days] of this same trial setting to prepare
for same.@ 
Apparently, the trial court believed that a one-day continuance was
adequate to review the court=s file
and prepare for trial, considering that counsel had been hired six days earlier
and could have, during that period of time, reviewed the full court=s file
and prepared for trial.  We do not have
before us the status of the attorney=s files
in this matter and are therefore not apprised of what discovery from BCH and
Rotella to Baker had occurred, if any, and needed to be reviewed; what
discovery needed to occur; what legal issues had been researched or needed to
be researched; or in general what had occurred, or needed to occur in
preparation for trial.  Without this
information, we cannot say that the trial court, being in a far better position
to ascertain a need for a continuance, abused its discretion by offering a
one-day continuance.  Further, it is
evident that the reason that BCH was unrepresented at trial was that its
counsel, the same counsel that it has on appeal, requested the trial court to
allow him to withdraw the day of trial, which request the trial court granted,
and which grant is not on appeal before us. 
Also, nothing in the record indicates whether counsel=s
withdrawal was agreed to or opposed by BCH and Rotella.  Presumably, counsel did not withdraw against
the wishes of his clients.  Lastly, there
is no showing either as to how additional time would have affected the outcome
of the trial, or how the presence of counsel would have affected its outcome.

BCH and Rotella point to Villegas v. Carter,
711 S.W.2d 624, 626-28 (Tex. 1986), for the proposition that the trial court
abused its discretion under these circumstances.  However, that case is distinguishable because
the individual moving for a continuance was unrepresented at the time and the
court found that he should have been given time to locate an attorney or that
his previous attorney should not have been allowed to withdraw.  Id. 
As previously recounted, in the case before us the moving party was
represented, and there is no complaint that his attorney was allowed to withdraw.  

For the foregoing reasons, we overrule the two
issues presented.

V. 
Conclusion

Having overruled BCH and Rotella=s
issues, we affirm the trial court=s
judgment.

 

 

BOB
MCCOY

JUSTICE

 

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

DELIVERED: January 31,
2008











[1]See Tex. R. App. P. 47.4.





[2]The docker sheet reads, ADefendant=s attorney motion to
withdraw.  Defendants failed to appear
although their attorney notified them. 
Motion granted.@





[3]The docket sheet reads, ACalled case for
trial.  Defendant=s attorney moved for
continuance.  I told them I would grant a
continuance until tomorrow a.m., but no later than that.  Once continuance denied, Defendant=s attorney moved to
withdraw.  Withdrawal granted.@





[4]No record was apparently
made of the hearing on the continuance and withdrawal motions.