COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-138-CV

BENCHMARK HOMES AND MARK ROTELLA APPELLANTS

V.

SCOTT BAKER APPELLEE

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In two issues, Appellants Benchmark Custom Homes (“BCH”) and Mark Rotella (“Rotella”) assert that the trial court abused its discretion (1) in denying counsel to BCH and (2) in not allowing time for BCH and Rotella’s new counsel to prepare for trial.

II.  Factual and Procedural Background

Scott Baker contracted with BCH and Rotella for the construction of a home.  Baker sued Rotella and BCH for negligence, gross negligence, breach of contract, breach of warranty, and deceptive trade practices, all arising out of the sale of an allegedly defective home.  The lawsuit was filed on January 11, 2005.  

Rotella and BCH were originally represented by Andrew Passons and Eric Dankesreiter; they withdrew their representation on July 24, 2006.  Rotella and BCH’s subsequent attorney, Michael Ysasaga, filed a motion to withdraw on January 24, 2007.  The trial court formally granted the motion on March 1, 2007,
(footnote: 2) and set the case for trial on March 12, 2007.  Rotella and BCH claim that they never received notice of Ysasaga’s motion to withdraw, but Baker asserts they received notice of the March 1 hearing, as indicated by the trial court’s docket notation stating that Rotella and BCH failed to appear despite having notice of the hearing from their attorney.

Regardless, subsequent to Ysasaga’s withdrawal, Rotella and BCH hired Robert Cole Jr. on March 6, 2007.  Cole, who represents Rotella and BCH in this appeal, filed a motion for a continuance for seven days, asserting that the file he obtained from Ysasaga was not complete.  The motion requested more time to “review the court’s file and familiarize himself with the legal issues and the facts that will be relevant to the trial of this lawsuit.”  The trial court’s docket entries indicate that counsel was offered a one-day continuance.  Cole requested to withdraw,
(footnote: 3) and the trial court granted his withdrawal.
(footnote: 4)  Rotella proceeded to represent himself pro se at trial, while BCH had no legal representation.  The jury returned a verdict against Rotella and BCH. 
 This appeal followed.

III.  Issues

In two issues, BCH and Rotella complain that the trial court abused its discretion by “denying counsel to Benchmark Custom Homes” and by not allowing time for Cole to prepare for trial.

A.  Abuse of Discretion

We review the trial court’s decision under these circumstances under the abuse of discretion standard, that is, when it clearly appears from the record that the trial court has disregarded the rights of a party, and the trial court’s ruling is determined to be arbitrary and unreasonable.  
State v. Crank
, 666 S.W.2d 91, 94 (Tex.), 
cert. denied
, 469 U.S. 833 (1984); 
Dallas ISD v. Finlan
, 27 S.W.3d 220, 235 (Tex. App.—Dallas 2000, pet. denied) (op. on reh’g),
 cert. denied
, 534 U.S. 949 (2001); 
Bank of Tex., N.A., Trustee v. Mexia
, 135 S.W.3d 356, 364 (Tex. App.—Dallas 2004, pet. denied).  

B.  The Motion for Continuance

On March 12, 2007, counsel for BCH and Rotella filed a motion for continuance, averring, 
inter alia
, that he was hired on March 6, 2007, that the file he obtained from the office of previous counsel was incomplete, that he wished to “review the court’s file and familiarize himself with the legal issues and facts that will be relevant to the trial of this lawsuit,” and that he had no notice of any issue or fact that may be raised at the trial.  Counsel requested a continuance and resetting of the trial “for a period of not less than seven days beyond the present setting” to prepare for the trial.  

This appeal does not complain that the trial court allowed counsel to
 
withdraw nor that there was a lack of opportunity to hire new counsel. 

IV.  Analysis

The motion for continuance requests time to “review the court’s file” and “for a continuance [of not less than seven days] of this same trial setting to prepare for same.”  Apparently, the trial court believed that a one-day continuance was adequate to review the court’s file and prepare for trial, considering that counsel had been hired six days earlier and could have, during that period of time, reviewed the full court’s file and prepared for trial.  We do not have before us the status of the attorney’s files in this matter and are therefore not apprised of what discovery from BCH and Rotella to Baker had occurred, if any, and needed to be reviewed; what discovery needed to occur; what legal issues had been researched or needed to be researched; or in general what had occurred, or needed to occur in preparation for trial.  Without this information, we cannot say that the trial court, being in a far better position to ascertain a need for a continuance, abused its discretion by offering a one-day continuance.  Further, it is evident that the reason that BCH was unrepresented at trial was that its counsel, the same counsel that it has on appeal, requested the trial court to allow him to withdraw the day of trial, which request the trial court granted, and which grant is not on appeal before us.  Also, nothing in the record indicates whether counsel’s withdrawal was agreed to or opposed by BCH and Rotella.  Presumably, counsel did not withdraw against the wishes of his clients.  Lastly, there is no showing either as to how additional time would have affected the outcome of the trial, or how the presence of counsel would have affected its outcome.

BCH and Rotella point to 
Villegas v. Carter
, 711 S.W.2d 624, 626-28 (Tex. 1986), for the proposition that the trial court abused its discretion under these circumstances.  However, that case is distinguishable because the individual moving for a continuance was unrepresented at the time and the court found that he should have been given time to locate an attorney or that his previous attorney should not have been allowed to withdraw.  
Id
.  As previously recounted, in the case before us the moving party was represented, and there is no complaint that his attorney was allowed to withdraw.  

For the foregoing reasons, we overrule the two issues presented.

V.  Conclusion

Having overruled BCH and Rotella’s issues, we affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DELIVERED: January 31, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The docker sheet reads, “Defendant’s attorney motion to withdraw.  Defendants failed to appear although their attorney notified them.  Motion granted.”

3:
The docket sheet reads, “Called case for trial.  Defendant’s attorney moved for continuance.  I told them I would grant a continuance until tomorrow a.m., but no later than that.  Once continuance denied, Defendant’s attorney moved to withdraw.  Withdrawal granted.”

4:
No record was apparently made of the hearing on the continuance and withdrawal motions.