

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00105-CV

## IN RE MARTIN LEE TREADWAY

_____

## Original Proceeding

_____

## MEMORANDUM  OPINION

_____

Martin Lee Treadway seeks a writ of mandamus compelling Respondent, the Honorable James E. Morgan, Judge of the 220th District Court of Bosque County, to disqualify himself in the underlying lawsuit in which Treadway alleges a claim of wrongful imprisonment.  Treadway contends that Respondent is disqualified because he is "directly interested in [the] subject matter and result of [Treadway's] suit."  We will deny Treadway's petition.

According to Treadway,[1] he was convicted in Respondent's court of an unspecified offense.  He later filed a civil suit in Respondent's court alleging "a

---

[1]      We note that Treadway's mandamus petition is defective because it does not include: (1) the certification required by Rule of Appellate Procedure 52.3(j); (2) certified or sworn copies of "every document that is material to [Treadway's] claim for relief" as required by Rule 52.7(a)(1); or (3) proof of

wrongful imprisonment claim." Treadway contends that Respondent is disqualified from presiding over the trial of the civil suit because he presided over the criminal trial. He argues that disqualification is required because Respondent is "directly interested in [the] subject matter and result of civil suit."

A trial judge may be removed from presiding over a particular case for one of three reasons: (1) disqualification under article V, section 11 of the Texas Constitution; (2) disqualification under section 74.053 of the Government Code (applicable to assigned judges); or (3) recusal under the procedural rules for civil trials and appeals. *See In re Union Pac. Res. Co.*, 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding); *In re Sigmar*, 270 S.W.3d 289, 307-08 (Tex. App.—Waco 2008, orig. proceeding [mand. denied]). Here, Treadway's complaint presents a potential ground for disqualification under the Texas Constitution.

Article V, section 11 provides in pertinent part, "No judge shall sit in any case wherein the judge may be interested, or where either of the parties may be connected with the judge, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when the judge shall have been counsel in the case." TEX. CONST. art. V, § 11.

Treadway claims that Respondent is disqualified because he is "interested" in the underlying lawsuit. "However, for a judge to be disqualified, the interest must be a direct pecuniary or property interest in the subject matter of the litigation." *McKenna v.*

___

service indicating that Treadway has served copies of his petition on Respondent and on any parties to the underlying lawsuit. *See* TEX. R. APP. P. 9.5, 52.2, 52.3(a), (j), 52.7(a)(1). Nevertheless, we will apply Rule of Appellate Procedure 2 and disregard these deficiencies because Treadway cannot prevail on the merits of his claim based on the information provided. *Id.* 2.

*State*, 221 S.W.3d 765, 767 (Tex. App.—Waco 2007, no pet.); *accord Bank of Tex., N.A. v. Mexia*, 135 S.W.3d 356, 360-61 (Tex. App.—Dallas 2004, pet. denied). "A remote or problematic interest, or one merely in the legal question involved, will not suffice." *In re Marriage of Samford*, 173 S.W.3d 887, 889-90 (Tex. App.—Texarkana 2005, pet. denied); *Bank of Tex.*, 135 S.W.3d at 361.

The fact that Respondent presided over Treadway's criminal trial does not give Respondent a disqualifying "interest" in Treadway's civil suit alleging wrongful imprisonment.[2] *See McKenna*, 221 S.W.3d at 768; *Samford*, 173 S.W.3d at 890; *Bank of Tex.*, 135 S.W.3d at 361. Accordingly, Treadway's mandamus petition is denied.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Application denied
Opinion delivered and filed April 29, 2009
Do not publish
[OT06]

---

[2] Otherwise, trial judges would be disqualified from presiding over post-conviction habeas proceedings.