**AFFIRM; and Opinion Filed October 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01237-CV

## MICHAEL BLOOM, Appellant
## V.
## SANDRA M. SWANGO, Appellee

**On Appeal from the Probate Court No. 3
Dallas County, Texas
Trial Court Cause No. PR-14-01380-3**

## MEMORANDUM OPINION

Before Justices Fillmore, Stoddart, and Richter[1]
Opinion by Justice Fillmore

Michael Bloom appeals the probate court's judgment declaring heirship, arguing in his first two issues that the probate court did not have jurisdiction to make a determination of heirship because Sandra M. Swango failed to allege and prove all the required statutory elements. In his third issue, Bloom contends that, because the probate court did not have jurisdiction, the probate court's judgment is void. We affirm the probate court's judgment declaring heirship.

### Background

Bloom and Swango's mother, Clarice Bloom (the Decedent), died on January 31, 2014. Swango filed an application for letters of dependent administration and for a determination of

---

[1] The Hon. Martin Richter, Justice, Assigned.

heirship. Bloom filed a motion to dismiss the application on May 29, 2014, asserting the probate court lacked subject-matter jurisdiction. Bloom specifically argued Swango failed to allege the Decedent owned or was entitled to property in this state "at the time of death," and the deficiency could not be corrected because the Decedent "transferred all her assets before death."

On July 2, 2014, the day Swango's application was set for hearing, Bloom filed an "Opposition to Application for Dependent Administration and Issuance of Letters of Administration." "[I]n view of the efiling this morning" of the opposition to an administration, the probate court continued Swango's application for dependent administration and issuance of letters of administration and transferred that matter to the court's contested case docket. The probate court proceeded to hear Swango's application for a determination of heirship.

The evidence at the hearing established the Decedent had been married only once, her husband had predeceased her, Bloom and Swango were her only children, and she died without having executed a will. Swango answered affirmatively when asked if she contended the Decedent's estate owned both personal and real property and that an administration was necessary to collect the assets of the estate and distribute them to the Decedent's heirs. On cross-examination, Swango testified the estate owned real property located at 6747 Hillwood in Dallas, as well as personal property. Swango agreed she was told the Decedent had transferred her real property to Bloom, but believed that "may not exactly be the case." The probate court signed a judgment, declaring Bloom and Swango to be the Decedent's heirs and that each were entitled to a fifty percent share of the property of the estate.

Bloom filed a motion to set aside the judgment determining heirship and dismiss the case or, alternatively, a motion for new trial, asserting the probate court did not have jurisdiction because Swango had failed to allege, and the evidence at the hearing failed to establish, that the Decedent owned or was entitled to property at "the time of death." In a supplement to the

motion, Bloom provided the probate court with a May 6, 2013 deed and a May 6, 2013 conveyance and assignment of property, both made pursuant to section 5.041 of the property code, signed by the Decedent that transferred all of her real and personal property, other than her interest in a family trust, to Bloom upon her death. Swango responded that a determination of heirship was a probate proceeding over which the probate court had jurisdiction and she had pleaded and proved the Decedent owned property at the time of death. The probate court overruled Bloom's motion, and Bloom appealed the judgment declaring heirship. *See* TEX. EST. CODE ANN. § 202.202 (West 2014) (judgment in proceeding to declare heirship is final judgment that may be appealed within same time limits and in same manner as other judgments in probate matters).

## Standard of Review

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject matter jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 149 (Tex. 2012); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).[2] It is used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. The claimant has the burden to allege facts that affirmatively demonstrate the trial court has subject matter jurisdiction. *Heckman*, 369 S.W.3d at 150; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Haga v. Thomas*, 409 S.W.3d 731, 736 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A

---

[2] Although Bloom raised his jurisdictional challenge through a motion to dismiss and a motion for new trial, the standard of review is the same regardless of the procedural vehicle used. *See Bland Indep. Sch. Dist.*, 34 S.W.3d at 554 (challenge to jurisdiction may be made through plea to the jurisdiction or other procedural vehicle).

plea to the jurisdiction can challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *See Miranda*, 133 S.W.3d at 226–28.

When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Miranda*, 133 S.W.3d at 226; *Haga*, 409 S.W.3d at 736. If the pleadings affirmatively negate jurisdiction, the plea should be granted. *Heckman*, 369 S.W.3d at 150. If the pleadings do not contain enough facts to demonstrate the propriety of jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the claimant should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226–27. But if the pleadings affirmatively negate the existence of jurisdiction, the plea may be granted without giving the claimant an opportunity to amend. *Id.* at 227.

The plea to the jurisdiction standard generally mirrors that of a traditional motion for summary judgment. *Id.* at 228. When the plea challenges jurisdictional facts, we "'consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised,' even where those facts may implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 227). If the evidence creates a fact question as to the jurisdictional issue, then the fact-finder will decide that question. *Id.* (citing *Miranda*, 133 S.W.3d at 227–28). "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* (quoting *Miranda*, 133 S.W.3d at 228). When reviewing the evidence, we must "'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Id.* (quoting *Miranda*, 133 S.W.3d at 228).

**Analysis**

In his first two issues, Bloom contends the probate court did not have jurisdiction over the application to determine heirship because Swango failed to adequately plead, and the evidence failed to establish, that the Decedent owned or was entitled to property at the time of death. We construe Bloom's arguments as challenging both Swango's pleadings and the jurisdictional facts.

*Applicable Law*

The Texas Constitution does not specifically provide for probate courts, but generally grants the Legislature authority to create courts and prescribe their jurisdiction. *See* TEX. CONST. art. V, §§ 1, 8; *Stauffer v. Nicholson*, 438 S.W.3d 205, 214 (Tex. App.—Dallas 2014, no pet.). Pursuant to this authority, the Legislature established the Dallas County Probate Court Number 3, the probate court in this case. *See* TEX. GOV'T CODE ANN. § 25.0591(d)(3) (West 2004); *see also* TEX. EST. CODE. ANN. § 22.007(c) (West 2014) (statutory probate court is a "court created by statute and designated as a statutory probate court" under chapter 25 of government code). Although a statutory probate court is a court of limited jurisdiction, *see In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 302–03 (Tex. 2010), it has exclusive jurisdiction over all "probate proceedings." TEX. EST. CODE ANN. § 32.005(a) (West 2014).[3] A "probate proceeding" includes the issuance of letters of administration and a determination of heirship. *Id.* § 31.001(2), (3). The statutory probate court also has jurisdiction of all matters related to the probate proceeding, *id.* § 32.001(a), including an action for trial of title to real property or for right of property that is estate property. *Id.* § 31.002(a)(5), (6), (c)(1).

---

[3] A statutory probate court has concurrent jurisdiction with the district court in certain actions not relevant to this appeal. *See* TEX. EST. CODE ANN. § 32.007 (West 2014).

A statutory probate court is authorized to determine, through a proceeding to declare heirship,

> (1) the persons who are a decedent's heirs and only heirs; and
>
> (2) the heirs' respective shares and interests under the laws of this state in the decedent's estate or, if applicable, in the trust.

*Id.* § 202.001; *see also id.* § 22.007(a)(2) (the term "court" as used in estates code includes statutory probate court). A statutory probate court may conduct a proceeding to declare heirship when a person dies intestate owning or entitled to property in this state and there has been no administration in this state of the person's estate. *Id*. § 202.002(1). As relevant to Bloom's complaints on appeal, the application to declare heirship is required to state a general description of all property belonging to the decedent's estate or held in trust for the benefit of the decedent. *Id.* § 202.005(7).

### *Sufficiency of Pleadings*

In his first issue, Bloom asserts the probate court did not have jurisdiction because Swango's application for determination of heirship failed to allege the Decedent owned or was entitled to property "at the time of death," as required by section 202.002 of the estates code, and failed to provide a general description of the property alleged to be owned by the Decedent, as required by section 202.005 of the estates code.

In her application for determination of heirship, Swango pleaded the Decedent "owned real and personal property," described the property "generally as real property, furniture, personal effects, and other miscellaneous property with a probable value in excess of $10,000," and stated a necessity existed for an administration in order to partition the estate among the distributees. The application requested that the probate court determine "who are the heirs of the Decedent" and appoint Swango as the administrator of the Decedent's estate.

–6–

Bloom asserts Swango's pleadings alleged only the Decedent owned property "at some time," rather than "at the time of death." Texas follows a "fair notice" standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see also* TEX. R. CIV. P. 45.[4] Pleadings must give fair notice of the claim asserted and the relief sought to provide the opposing party with enough information to enable him to prepare a defense. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Pleadings are sufficient if a cause of action may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g); *see also Lipsky*, 460 S.W.3d at 590. In the absence of special exceptions, the petition should be construed liberally in favor of the pleader. *Boyles*, 855 S.W.2d at 601; *Bever Props., LLC v. Jerry Huffman Custom Builder, L.L.C.*, No. 05-13-01519-CV, 2015 WL 4600347, at *14 (Tex. App.—Dallas July 31, 2015, no pet.) (mem. op.). However, a court may not use a liberal construction of the petition as a license to read into the petition a claim it does not contain. *Bever Props., LLC*, 2015 WL 4600347, at *14; *Holden v. Holden*, 456 S.W.3d 642, 650 (Tex. App.—Tyler 2015, no pet.).

Swango's petition as a whole placed Bloom on notice that Swango was seeking a declaration of heirship following the Decedent's death in order to distribute property owned by the Decedent to her heirs. We conclude that, construing the pleadings liberally and in favor of Swango, Swango pleaded facts that affirmatively demonstrate the probate court's jurisdiction over the application for determination of heirship. *See Estate of Maxey*, 559 S.W.2d 458, 461 (Tex. Civ. App.—Texarkana, 1977, writ ref'd n.r.e.) (pleadings seeking determination of

[4] The rules of civil procedure apply in probate matters to the extent they do not differ from the procedure established by the estates code. *See Bank of Tex., N.A., Trustee v. Mexia*, 135 S.W.3d 356, 362 (Tex. App.—Dallas 2004, pet. denied); *see also Thomas v. Whaley*, 561 S.W.2d 526, 529 (Tex. Civ. App.—Texarkana 1977, writ ref'd n.r.e.) (applying Texas Rule of Civil Procedure 45 to probate matter).

heirship were sufficient when they "show[ed] such facts as would indicate that the cause of action was one over which the county court had jurisdiction, that is, an action to declare heirship); *see also* TEX. EST. CODE ANN. §§ 32.005, 31.001(3). We resolve Bloom's first issue against him.

*Jurisdictional Facts*

In his second issue, Bloom contends Swango failed to establish the jurisdictional fact that the Decedent owned or was entitled to property at the time of her death. In support of his argument, Bloom relies heavily on *Jansen v. Fitzpatrick*, 14 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2000, no pet.), in which the court of appeals noted that "for a court to have jurisdiction to determine heirship, the estate must own real property, or if there is none, personal property, in that county." Because we conclude, under the appropriate standard of review, there was sufficient evidence to raise an issue of disputed fact regarding whether the Decedent owned or was entitled to property at the time of her death, we need not determine if a decedent's ownership of or entitlement to property at the time of death is a jurisdictional fact on which the claimant must offer evidence before a statutory probate court has jurisdiction to proceed with a proceeding to declare heirship. *See Estate of Maxey*, 559 S.W.2d at 461.[5]

At the hearing on the application to determine heirship, Swango responded affirmatively when asked if she contended the estate owned both personal and real property. She identified the real property owned by the estate by address and added the estate also owned personal property.

---

[5] In *Estate of Maxey*, the court of appeals concluded it was not necessary for the applicants seeking a determination of heirship to prove the decedent owned or claimed an interest in property at the time of his death before the county court could declare the heirship of the decedent. *Estate of Maxey*, 559 S.W.3d at 462. In *Estate of Maxey*, however, a trespass to try title suit involving the same real property as was at issue in the proceeding to determine heirship was filed in the district court prior to the filing of the application to determine heirship in the county court. *Id.* at 460. The district court, therefore, had jurisdiction to proceed not only with the trespass to try title action, but also with a determination of heirship. *Id.* at 460. The party opposing the determination of heirship did not seek to abate the county court proceeding until the district court concluded its proceedings. *Id.* at 461. The county court made a determination of heirship, but refused to find the decedent died owning or being entitled to any real property. *Id.* The court of appeals concluded that, because the district court retained jurisdiction over the title dispute, requiring the petitioners to prove title to the real property in the county court would be a "useless thing" and it was sufficient that the application to determine heirship stated the petitioners were claiming to be the owners of the decedent's estate and the decedent owned the property described in the application. *Id.* at 462.

–8–

When asked if she had previously acknowledged the Decedent had deeded her real property to Bloom, Swango responded affirmatively, but stated she had learned additional information that made her believe the information was not accurate. Bloom subsequently filed a motion for new trial and provided the probate court with (1) a deed by which the Decedent conveyed the real property at 6747 Hillwood Lane to Bloom at the time of her death, and (2) a conveyance and assignment by which the Decedent conveyed her personal property, other than her interest in a family trust, to Bloom at the time of her death. At the hearing on the motion for new trial, the probate court indicated it understood the issue was whether the Decedent was competent to sign the deed and the assignment and stated that issue would have to be litigated. *See Jansen*, 14 S.W.3d at 432 (right to set aside a deed based on grantor's incompetency was a "chose in action" constituting a personal property right of decedent sufficient to support an application for declaration of heirship).

Viewing the evidence in the light most favorable to Swango, and indulging every reasonable inference and resolving any doubts in Swango's favor, as the applicable standard of review requires, we conclude there is sufficient evidence to raise a disputed issue of fact as to whether the Decedent owned or was entitled to property at the time of her death. Accordingly, the probate court did not err by finding it had jurisdiction over Swango's application for determination of heirship. We resolve Bloom's second issue against him.

Based on our resolution of his first two issues, we need not consider Bloom's third issue in which he argues the probate court's judgment declaring heirship is void because the probate court lacked jurisdiction over the application to determine heirship. *See* TEX. R. APP. P. 47.1.

We deny Swango's request for sanctions pursuant to rule of appellate procedure 45 and affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

141237F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL BLOOM, Appellant

No. 05-14-01237-CV        V.

SANDRA M. SWANGO, Appellee

On Appeal from the Probate Court No. 3, Dallas County, Texas,
Trial Court Cause No. PR-14-01380-3.
Opinion delivered by Justice Fillmore, Justices Stoddart and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Sandra M. Swango recover her costs of this appeal from appellant Michael Bloom.

Judgment entered this 5th day of October, 2015.